THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN W. LILLY, Defendant-Appellant.

Fifth District    No. 5—95—0758

Opinion filed September 4, 1997.

Daniel M. Kirwan, of State Appellate Defender's Office, of Mt. Vernon, and Laura R. Andrews, of Granite City, for appellant.

Michael Wepsiec, State's Attorney, of Murphysboro (Norbert J. Goetten, Stephen E. Norris, and Debra A. Buchman, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE CHAPMAN delivered the opinion of the court:
Defendant seeks to appeal from the dismissal of his petition seek-

ing postconviction relief in the circuit court of Jackson County. The State has objected, contending that the appeal is untimely, given that the petition was dismissed on November 14, 1991, and that Supreme Court Rule 606(c) (134 Ill. 2d R. 606(c)) cannot be extended to allow this court to assume jurisdiction of an appeal more than six months after the entry of final judgment. The State has also addressed the merits of the appeal, in the event that the appeal is allowed to go forward. We have taken this issue with the appeal and will address it before proceeding to other issues.

## I

Defendant was charged with the murder of Edward Fletcher, Jr. Following a jury trial in the circuit court of Jackson County, he was found guilty and sentenced to 40 years in prison. This court affirmed his conviction and sentence in *People v. Lilly*, 139 Ill. App. 3d 275, 487 N.E.2d 414 (1985). Defendant's January 13, 1988, postconviction petition was dismissed on March 29, 1989, on *res judicata* grounds. The State was ordered to prepare a written order to that effect. On February 1, 1991, this court reversed the dismissal of the petition because counsel had failed to file a certificate pursuant to Supreme Court Rule 651(c) (134 Ill. 2d R. 651(c)). We directed that on remand someone other than Public Defender Robert Van Derhoff should be appointed to represent defendant in postconviction proceedings.

Kari Mason, an assistant public defender, was appointed to represent defendant. She filed a Rule 651(c) certificate on June 24, 1991, at a status hearing at which defendant was present. The State filed a motion to dismiss the postconviction petition on September 12, 1991, and the court dismissed the petition on November 15, 1991.

Almost four years later, on September 25, 1995, defendant filed a *pro se* "motion to show reasonable cause for late notice of appeal" in the circuit court of Jackson County. This motion asserted that defendant never received notice that his postconviction petition had been dismissed on November 15, 1991, and the motion sought leave of the trial court to file a late notice of appeal. The circuit court forwarded the motion to this court, and it was filed on October 11, 1995. Ultimately, this court appointed the local office of the State Appellate Defender to represent defendant on appeal and granted it additional time in which to file a properly amended motion for leave to file a late notice of appeal.

On December 7, 1995, appellate counsel filed a motion to have defendant's October 11, 1995, document construed as a timely notice of appeal, notwithstanding that it was filed nearly fours years after his postconviction petition was dismissed. Counsel asserts that

because the circuit clerk failed to send defendant notice of the adverse decision and to inform him of his rights to appeal as mandated by Supreme Court Rule 651(b) (134 Ill. 2d R. 651(b)), his failure to file a timely notice of appeal is excused. The State filed an objection and argues that this court is without jurisdiction to entertain the appeal because the appeal not only was filed more than 30 days after the entry of judgment (see Supreme Court Rule 606(b) (134 Ill. 2d R. 606(b)) but was filed well beyond the six-month extension period provided for under Supreme Court Rule 606(c).

■ Supreme Court Rule 606(b) mandates that a notice of appeal be filed within 30 days from the entry of the judgment from which the appeal is taken. However, the appellate court may extend this period in appeals from criminal convictions. Rule 606(c) provides:

> "On motion supported by a showing of reasonable excuse for failing to file a notice of appeal on time filed in the reviewing court within 30 days of the expiration of the time for filing the notice of appeal, or on motion supported by a showing by affidavit that there is merit to the appeal and that the failure to file a notice of appeal on time was not due to appellant's culpable negligence, filed in the reviewing court within six months of the expiration of the time for filing the notice of appeal, in either case accompanied by the proposed notice of appeal, the reviewing court may grant leave to appeal and order the clerk to transmit the notice of appeal to the trial court for filing." 134 Ill. 2d R. 606(c).

Appeals in postconviction proceedings are governed by Supreme Court Rule 651 (134 Ill. 2d R. 651). Appeals in those proceedings are to be as near as is practicable in conformance with the rules governing criminal appeals, and thus Rule 606, which applies to criminal appeals, governs the time limits for filing postconviction appeals.

■ Defendant maintains that because the clerk of the circuit court failed to give him proper notice of the adverse decision on his postconviction petition and to inform him of the necessity to file an appeal from that decision within 30 days of the entry of the order, his appeal should be considered timely. His affidavit in support of his September 25, 1995, motion swore that he did not receive proper notice. The docket sheets and the common law record are devoid of any indication that proper notice was sent in conformance with Rule 651(b). Defendant's appellate counsel requested that the circuit clerk's office tender the Rule 651(b) notice and was informed by the clerk that no records showed that the notice was ever prepared. The common law record, including the docket sheets, "imports verity and is presumed correct." *People v. Brooks*, 158 Ill. 2d 260, 274, 633 N.E.2d 692, 698 (1994). We therefore believe that this court may safely assume that no notice was sent.

■ The right to appeal a criminal conviction is fundamental and is guaranteed by the Illinois Constitution of 1970 (Ill. Const. 1970, art. VI, § 6; *People v. Swanson*, 276 Ill. App. 3d 130, 657 N.E.2d 1169 (1995)). From the record it appears that the defendant has been deprived of his right to notice of the adverse decision regarding his postconviction petition and his right to appeal therefrom. Defendant was denied his right to appeal as a result of circumstances over which he had little, if any, control. See *People v. Jacobs*, 61 Ill. 2d 590, 338 N.E.2d 161 (1975). Given the circumstances, we grant defendant's motion for leave to respond to the State's objection, we grant defendant's motion to construe his appeal as timely, and we will entertain defendant's appeal on the merits.

## II

Defendant contends that Kari Mason, an assistant public defender for Jackson County who was appointed to represent him on the remand of his postconviction case by this court, failed to follow the court's directions. He asserts that it is necessary to reverse the dismissal of his petition and remand again to the circuit court.

As noted above, defendant filed a *pro se* postconviction petition on January 13, 1988. This petition raised the same issues that were raised on direct appeal. The office of the Jackson County public defender, rather than a specific attorney in that office, was appointed to represent him. On March 8, 1988, Assistant Jackson County Public Defender Andrew Zinner wrote a letter to defendant and told him that he had been appointed to represent defendant during postconviction proceedings. Zinner discussed his review of the record and the petition itself, noted that defendant's contentions of the deprivation of constitutional rights had already been raised on direct appeal, and told him that no amendment could be made to the petition. Public Defender Robert Van Derhoff appeared in court, as did defendant, at the hearing on the petition for postconviction relief, on March 29, 1989. No mention of the whereabouts of Andrew Zinner was made. The postconviction petition was dismissed at the end of the hearing by the circuit court on *res judicata* grounds. The notice of appeal filed April 17, 1989, indicated that Robert Van Derhoff was defendant's attorney, and Van Derhoff signed the notice of appeal, as well as a request for the preparation of the record. On February 1, 1991, this court reversed the dismissal of the petition and remanded it for further proceedings because counsel had failed to file a certificate pursuant to Supreme Court Rule 651(c) and the record did not indicate that counsel consulted with defendant or examined the trial court record. We declined to require some entity other than the pub-

lic defender's office to represent defendant, and we directed that on remand someone from the public defender's office other than Public Defender Robert Van Derhoff should be appointed to represent defendant.

On April 16, 1991, Kari A. Mason, an assistant Jackson County public defender in the office headed by Public Defender Robert Van Derhoff, was appointed to represent defendant on remand. At the May 7, 1991, status hearing, Mason informed the court that her office was unable to find defendant's case file. She told the court that Van Derhoff told her that Andrew Zinner, a former assistant public defender, reviewed the record carefully, interviewed the defendant as required by Rule 651, told defendant that there was no viable postconviction issue, and sent a letter to defendant detailing his conclusions. Mason assured the court that she would seek the letter and review it, talk with defendant, and file a Rule 651(c) certificate. Mason believed that if the defendant's office file could not be found, she would have to repeat the work done by Zinner and fulfill the requirements of Rule 651(c) herself. Although she had already attempted to get the court file and transcript, she could not find it in the courthouse.

On July 24, 1991, defendant appeared with counsel, who informed the court that the transcript had still not been located. She had, however, found the defendant's public defender file. The file contained voluminous notes made by Attorney Zinner as he reviewed the transcript, including correlating constitutional issues raised by reference to pages of the transcript. Mason characterized Zinner's work as "an exhaustive review of the transcript." The file also included a March 7, 1988, letter from Zinner to defendant in which he discussed the postconviction petition, which Mason attached to her Rule 651(c) certificate. The letter indicated that Zinner had reviewed the court file, the transcripts of each pretrial proceeding, the trial transcripts, and all posttrial hearing transcripts, as well as the appellate court's decision on direct appeal. Zinner told defendant that his petition, which he had reviewed thoroughly, raised issues that had already been raised on direct appeal and decided adversely to defendant. Zinner explained the concept of res judicata to defendant and indicated that, as the petition then stood, it was subject to dismissal. He stated that the State had already filed a motion to dismiss it on res judicata grounds. He informed defendant that in order to prevent his petition from being dismissed, it would be necessary to raise additional and new constitutional issues that had not and could not have been previously raised on direct appeal. Zinner stated that his search of all of the information had not yielded any such issue and that there was

"no question" that not only did his attorney provide effective representation, but his attorney did an outstanding job. He told defendant that there were no issues that merited an amended petition for postconviction relief and that he welcomed any comments defendant might have or any assistance he might be able to provide.

Mason met with defendant and conferred with him about his petition, prior to the beginning of the June 24, 1991, hearing. He acknowledged receiving the letter from Zinner, and he and Mason reviewed it together. Mason told the court that defendant indicated that he understood the postconviction proceeding, based on Zinner's letter, as well as the mandate issued by this court. She then filed a Rule 651(c) certificate "in compliance with the mandate of the Court."

The court questioned defendant, who asserted that he thought that there were constitutional violations that had not been addressed, but he was unable to give even a general statement as to what those violations were. After the court went over the petition one issue at a time, it instructed defendant to communicate any unaddressed constitutional issues to Mason promptly, and the court set September 6, 1991, as the date by which any amendments to the petition or issues of constitutional dimension that were not previously raised had to be brought to the attention of the court. On that date, defense counsel was to either file a postconviction petition, a motion to reaffirm her Rule 651(c) certificate, or any other appropriate pleading. Mason reiterated the court's instructions to defendant in a June 26, 1991, letter, which is of record, and told him that any pleadings or issues he wanted to have included in a postconviction petition had to be sent to her by August 6, 1991, in order to allow her time to make any necessary amendments to his petition.

As indicated earlier, there is no indication on the docket sheet or in the common law record that the dismissal of defendant's case was communicated to him by the office of the circuit court. A letter filed July 1, 1991, from the United States District Court, Central District, to the Jackson County clerk's office is of record. It indicated that the records in this case had been located by the circuit clerk of Jackson County and returned to her by the Attorney General's office in Springfield. On September 12, 1991, the State filed a motion to dismiss defendant's postconviction petition on *res judicata* grounds, indicating that as of that date, no amended postconviction petition had been filed. The motion was granted on November 15, 1991.

■ A postconviction petitioner is only guaranteed a reasonable level of assistance of counsel under the Post-Conviction Hearing Act (Act) (735 ILCS 5/122—1 *et seq.* (West 1994)). *People v. Flores*, 153 Ill. 2d 264, 276, 606 N.E.2d 1078, 1084 (1992). Under Rule 651(c), the rec-

ord must show, or counsel must file a certificate alleging, that counsel has consulted with a *pro se* defendant and made any amendments to petitions filed *pro se,* in order that the defendant's contentions are adequately represented. *People v. Doggett,* 255 Ill. App. 3d 180, 187, 625 N.E.2d 923, 929 (1993). The language of the rule states that the filing of a certificate *may* be used to make the required showing; it does not require a certificate. Further, the Illinois Supreme Court has held that substantial compliance is all that is required. *People v. Szabo,* 144 Ill. 2d 525, 532, 582 N.E.2d 173, 176 (1991). Postconviction counsel complies with the requirements of Supreme Court Rule 651(c) where the record demonstrates that counsel consulted with the defendant to ascertain his or her contentions of deprivation of constitutional rights; that counsel read as much of the trial transcript as necessary to present and support those constitutional claims adequately; and that counsel made any necessary amendments to the *pro se* petition which had been filed. *People v. Zambrano,* 266 Ill. App. 3d 856, 868, 640 N.E.2d 1334, 1342 (1994).

■ As this court noted in its order of February 1, 1991, the record contained no Rule 651(c) certificate and it was insufficient to allow the reviewing court to conclude that postconviction counsel had substantially complied with the rule. The order did not mandate that a Rule 651(c) certificate be filed, but only that the cause be remanded to the circuit court for further proceedings on the postconviction petition. Mason's Rule 651(c) certificate, with its supporting documentation, was sufficient to establish that attorney Zinner had consulted with the defendant to ascertain his contentions of deprivations of his constitutional rights, had examined the record of the proceedings at trial, and had concluded that there were no amendments to defendant's *pro se* petition which could be legitimately made. Moreover, defendant admitted to Mason that Zinner had consulted with him by letter. The record established by Mason clearly demonstrates that attorney Zinner fulfilled the requirements of Rule 651(c), despite the fact that he did not file a certificate.

Whether Mason reviewed the record, which was apparently in the hands of the Jackson County circuit clerk as of July 1, 1991, is of no consequence, given that the performance of counsel which this court sought to have established was that of defendant's postconviction counsel at the time of his 1988 postconviction petition, not that of Mason in 1991. That Andrew Zinner worked with Robert Van Derhoff is also of no consequence. Although Van Derhoff appeared in court at the hearing on the petition, Zinner was the attorney who apparently handled the case. Van Derhoff was not appointed as an individual to represent defendant on remand, and so this court's order was obeyed by the circuit court.

670

The dismissal of defendant's petition seeking postconviction relief is affirmed.

Motion for leave to respond granted; motion to consider appeal timely granted; judgment affirmed.

KUEHN, P.J., and HOPKINS, J., concur.