THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PHILLIP ROVITO, Defendant-Appellant.

First District (6th Division)    No. 1—99—3797

Opinion filed December 28, 2001.

Michael J. Pelletier and Sarah M. Jacoby, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, James E. Fitzgerald, Alan Spellberg, and Mary P. Needham, Assistant State's Attorneys, of counsel), for the People.

JUSTICE O'MARA FROSSARD delivered the opinion of the court:
Defendant Phillip Rovito and codefendant Nicholas Kuhn were

charged with two counts of aggravated criminal sexual assault, two counts of attempted aggravated criminal sexual assault, and one count each of criminal sexual assault, aggravated kidnapping, kidnapping, and unlawful restraint. Following separate but simultaneous bench trials, defendant was convicted of criminal sexual assault and unlawful restraint. The trial court sentenced defendant to six years in prison for criminal sexual assault consecutive to a six-year sentence defendant previously received in an unrelated case for delivery of a controlled substance. Codefendant Kuhn was convicted of attempted criminal sexual assault, criminal sexual assault, and unlawful restraint and was sentenced to prison for concurrent terms of eight and five years.

Defendant filed a petition for postconviction relief, which the trial court dismissed after a full evidentiary hearing. On appeal, defendant contends that: (1) his petition should not have been dismissed because he established by a preponderance of the evidence that his trial attorney was ineffective for failing to file a notice of appeal, thereby precluding his direct appeal; (2) his sentence is unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000); and (3) the simultaneous, severed bench trials denied him his right to a fair trial.

## I. BACKGROUND

Defendant's conviction arose from an incident on May 30, 1991, during which the 14-year-old victim was sexually assaulted by defendant and codefendant in Franklin Park, Illinois. Defendant's trial commenced on September 11, 1997, and concluded on September 12, 1997. Trial counsel filed a motion for new trial and arrest of judgment on September 22, 1997. On October 17, 1997, the trial court denied defendant's motion for a new trial and arrest of judgment and imposed sentence.

In his postconviction petition, which was prepared by retained counsel, defendant alleged that his trial counsel was ineffective for failing to file a notice of appeal. Defendant asserted in his affidavit that he had informed his trial lawyer that he wished to appeal and that his lawyer had advised and assured him that he "would take care of appealing [the] case." At the hearing on the petition, defendant testified that on October 17, 1997, just after he had been sentenced, he told his lawyer to file an appeal. According to defendant, his exact words were, "I'd like for appeal, by the way." Defendant testified that his lawyer said nothing in response.

Defendant's trial lawyer testified that on September 22, 1997, after defendant was found guilty, he and the defendant spoke about the

possible range of sentences defendant might receive. He testified that he and defendant had discussed the possibility of an appeal on and off, but defendant was already serving a six-year sentence and opted not to appeal. Defense counsel further testified that defendant told him he did not want to appeal if he received a sentence of six years because six years was the sentence he would have received pursuant to a plea agreement that was discussed in a conference that took place during the previous year and was declined. Various family members and defendant's girlfriend testified during the hearing. They testified that defendant's trial lawyer told them he would handle defendant's appeal. Defendant's trial lawyer testified that he never told defendant or members of his family that he would file a notice of appeal on defendant's behalf.

The postconviction court denied defendant's petition. The court determined that the defendant and witnesses did not provide reliable or credible evidence that defendant asked his trial lawyer to file a notice of appeal. The court concluded that defense counsel "was never requested to perfect the defendant's right to appeal the finding of guilty and sentence of this Court." The postconviction court found that defendant's lawyer was not ineffective. Defendant's petition seeking to file late notice of appeal was denied.

## II. ANALYSIS

■ The Post-Conviction Hearing Act (Act) allows a defendant to collaterally challenge his conviction or sentence for violations of federal or state constitutional rights. 725 ILCS 5/122—1 et seq. (West 1998); People v. Montgomery, 192 Ill. 2d 642, 653-54 (2000). The Act establishes a three-stage process for adjudicating a petition for post-conviction relief. 725 ILCS 5/122—1 et seq. (West 1998). At the first stage, the court is required to independently review the postconviction petition within 90 days of its filing and determine whether "the petition is frivolous or is patently without merit." 725 ILCS 5/122—2.1(a)(2) (West 1998). Whether the petition and any accompanying documents make a substantial showing of a constitutional violation is a second-stage inquiry. People v. Edwards, 197 Ill. 2d 239, 245-46 (2001). If at the second stage a substantial showing of a constitutional violation is set forth, the petition is advanced to the third stage for an evidentiary hearing. 725 ILCS 5/122—6 (West 1998); People v. Gaultney, 174 Ill. 2d 410, 418 (1996).

■ This case was before the trial court at the third stage of the postconviction process. Postconviction relief at the third stage of the postconviction process is justified only where a defendant demonstrates by a preponderance of the evidence that his conviction or sentence

resulted from a substantial deprivation of federal or state constitutional rights. *Montgomery*, 192 Ill. 2d at 654. Dismissal of the petition by the postconviction court following an evidentiary hearing on the petition will be reversed only if dismissal is manifestly erroneous. *Montgomery*, 192 Ill. 2d at 654; *People v. Coleman*, 183 Ill. 2d 366, 384-85 (1998).

■ The right to appeal a criminal conviction is fundamental and is guaranteed by the Illinois Constitution. Ill. Const. 1970, art. VI, § 6. Ineffective assistance of counsel based on the failure to file a notice of appeal can violate constitutional rights cognizable under the Act. *People v. Perez*, 115 Ill. App. 3d 446, 451 (1983). The due process clause of the fourteenth amendment guarantees a person convicted of a crime the effective assistance of counsel on the first appeal where the direct appeal, as here, is a matter of right. *Evitts v. Lucey*, 469 U.S. 387, 395-400, 83 L. Ed. 2d 821, 829-32, 105 S. Ct. 830, 836-38 (1985). "A system of appeal as of right is established precisely to assure that only those who are validly convicted have their freedom drastically curtailed. A State may not extinguish this right because another right of the appellant—the right to effective assistance of counsel—has been violated." *Evitts*, 469 U.S. at 399-400, 83 L. Ed. 2d at 832, 105 S. Ct. at 838.

## A. Ineffective Assistance of Counsel

On appeal, defendant contends that his petition should not have been dismissed because he established by a preponderance of the evidence that his trial attorney was ineffective for failing to file a notice of appeal. Defendant argues that his trial lawyer was not credible at the evidentiary hearing on the petition and, therefore, the postconviction court's findings were not supported by the evidence adduced at the hearing. In the alternative, defendant argues that even if his trial lawyer was credible, he performed in a professionally deficient manner because his lawyer's failure to file an appeal fell below an objective standard of reasonableness.

■ *Strickland v. Washington* holds that criminal defendants have a sixth amendment right to "reasonably effective" legal assistance. *Strickland v. Washington*, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064 (1984). A defendant claiming ineffective assistance of counsel must show (1) that counsel's representation "fell below an objective standard of reasonableness" (*Strickland*, 466 U.S. at 688, 80 L. Ed. 2d at 693, 104 S. Ct. at 2064) and (2) that counsel's deficient performance prejudiced the defendant (*Strickland*, 466 U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068). The United States Supreme Court held in *Roe v. Flores-Ortega* that the *Strickland* "test

applies to claims *** that counsel was constitutionally ineffective for failing to file a notice of appeal." *Roe v. Flores-Ortega*, 528 U.S. 470, 477, 145 L. Ed. 2d 985, 994-95, 120 S. Ct. 1029, 1034 (2000).

In *Flores-Ortega*, the defendant filed a federal *habeas* petition, alleging that his trial counsel was ineffective for failing to file a notice of appeal on his behalf after promising to do so. *Flores-Ortega*, 528 U.S. at 474, 145 L. Ed. 2d at 993, 120 S. Ct. at 1033. At the evidentiary hearing on the limited issue of whether the attorney promised to file a notice of appeal, the defendant testified that in a conversation after sentencing, counsel indicated she was going to file a notice of appeal. *Flores-Ortega*, 528 U.S. at 475, 145 L. Ed. 2d at 993, 120 S. Ct. at 1033. The attorney had "no specific recollection of that." *Flores-Ortega*, 528 U.S. at 475, 145 L. Ed. 2d at 993, 120 S. Ct. at 1033. The Court noted that, under *Strickland*, " 'the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances.' " *Flores-Ortega*, 528 U.S. at 478, 145 L. Ed. 2d at 995, 120 S. Ct. at 1035, quoting *Strickland*, 466 U.S. at 688, 80 L. Ed. 2d at 694, 104 S. Ct. at 2065.

■ Regarding the performance prong of *Strickland*, the Supreme Court recognized in *Flores-Ortega* that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable, while a defendant who explicitly tells his attorney not to file an appeal cannot later complain that, by following his instructions, his counsel performed deficiently. *Flores-Ortega*, 528 U.S. at 477, 145 L. Ed. 2d at 995, 120 S. Ct. at 1035. The Supreme Court characterized the situation in *Flores-Ortega* as one where "the defendant has not clearly conveyed his wishes one way or the other." *Flores-Ortega*, 528 U.S. at 477, 145 L. Ed. 2d at 995, 120 S. Ct. at 1035. Regarding deficient performance for not filing a notice of appeal when the defendant has not clearly conveyed his wishes one way or the other, the Supreme Court stated as follows:

> "In those cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, we believe the question whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal. We employ the term 'consult' to convey a specific meaning—advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Flores-Ortega*, 528 U.S. at 478, 145 L. Ed. 2d at 995-96, 120 S. Ct. at 1035.

■ The Supreme Court further explained that if counsel has consulted with the defendant, then counsel performs in a profession-

ally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal. *Flores-Ortega*, 528 U.S. at 478, 145 L. Ed. 2d at 996, 120 S. Ct. at 1035. However, if counsel has not consulted with the defendant, the Supreme Court stated that the court must ask whether counsel's failure to consult with the defendant itself constitutes deficient performance. *Flores-Ortega*, 528 U.S. at 478, 145 L. Ed. 2d at 996, 120 S. Ct. at 1035. On the obligation to consult, the Supreme Court held:

> "[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known." *Flores-Ortega*, 528 U.S. at 480, 145 L. Ed. 2d at 997, 120 S. Ct. at 1036.

The *Flores-Ortega* Court was unable to conclude whether the defendant had conveyed his wishes regarding whether to appeal. Based on the record, the Court could not "determine whether [counsel] had a duty to consult with respondent (either because there were potential grounds for appeal or because respondent expressed interest in appealing), whether she satisfied her obligations, and, if she did not, whether respondent was prejudiced thereby." *Flores-Ortega*, 528 U.S. at 487, 145 L. Ed. 2d at 1001-02, 120 S. Ct. at 1040. Accordingly, the Court remanded for further proceedings. *Flores-Ortega*, 528 U.S. at 487, 145 L. Ed. 2d at 1001-02, 120 S. Ct. at 1040.

■ Here, the defendant argues that where a postconviction proceeding is utilized as a remedy for a lost right of appeal, only deficient performance need be demonstrated as no showing of prejudice is required where counsel failed to perfect the appeal because prejudice will be presumed. In support of applying the *per se* prejudice rule, the defendant relies on *People v. Moore*, 133 Ill. 2d 331 (1990). In *Moore*, the Illinois Supreme Court indicated, "Although a postconviction proceeding can, and should, be utilized in certain circumstances as a remedy for a lost right of appeal, where it is used, no showing of prejudice is required where counsel failed to perfect defendant's appeal. Prejudice is presumed." *Moore*, 133 Ill. 2d at 339.

The United States Supreme Court in *Flores-Ortega*, 528 U.S. at 484, 145 L. Ed. 2d at 999, 120 S. Ct. at 1038, addressed the *per se* prejudice rule. The Court recognized that denial of an entire judicial proceeding as arguably occurs when counsel fails to file an appeal without the petitioner's consent demands a presumption of prejudice.

However, the Court in the very next paragraph rejected the *per se* prejudice rule, stating: "Unfortunately, this *per se* prejudice rule ignores the critical requirement that counsel's deficient performance must actually cause the forfeiture of the defendant's appeal. If the defendant cannot demonstrate that, but for counsel's deficient performance, he would have appealed, counsel's deficient performance has not deprived him of anything, and he is not entitled to relief." *Flores-Ortega*, 528 U.S. at 484, 145 L. Ed. 2d at 999, 120 S. Ct. at 1038.

Our supreme court in *People v. Edwards*, 197 Ill. 2d 239, 251-52 (2001), recently discussed application of the prejudice prong of the *Strickland* test in the context of the *Flores-Ortega* decision. In discussing the allegation in *Flores-Ortega* that counsel was ineffective for failing to file an appeal, the *Edwards* court noted:

"In *Flores-Ortega*, the Court explained that defense counsel's 'alleged deficient performance arguably led not to a judicial proceeding of disputed reliability, but rather to the forfeiture of a proceeding itself.' [Citation.] *** [T]he 'deficiency deprived [defendant] of the appellate proceeding altogether.' [Citation.] This, the Court held, 'demands a presumption of prejudice.' " *Edwards*, 197 Ill. 2d at 251-52, quoting *Flores-Ortega*, 528 U.S. at 483, 145 L. Ed. 2d at 999, 120 S. Ct. at 1038.

Significantly, the court in *Edwards* further recognized that although prejudice was presumed in *Flores-Ortega*, the defendant still had to show that counsel's deficient performance " 'actually cause[d] the forfeiture of the defendant's appeal.' " *Edwards*, 197 Ill. 2d at 252, quoting *Flores-Ortega*, 528 U.S. at 484, 145 L. Ed. 2d at 999, 120 S. Ct. at 1038. Thus, as noted in *Edwards*, while *Flores-Ortega* does not require defendant to "demonstrate how his appeal would have been successful in order to establish that he was prejudiced by his attorney's failure to pursue a requested appeal," and "although prejudice was presumed, the defendant still had to show that counsel's deficient performance 'actually cause[d] the forfeiture of the defendant's appeal.' " *Edwards*, 197 Ill. 2d at 252-53, quoting *Flores-Ortega*, 528 U.S. at 484, 145 L. Ed. 2d at 999, 120 S. Ct. at 1038.

Under this "presumption of prejudice plus" test recently articulated in *Flores-Ortega* and recognized by the Illinois Supreme Court in *Edwards*, prejudice is presumed but defendant is additionally required to show that counsel's deficient performance " 'actually cause[d] the forfeiture of the defendant's appeal.' " *Edwards*, 197 Ill. 2d at 252, quoting *Flores-Ortega*, 528 U.S. at 484, 145 L. Ed. 2d at 999, 120 S. Ct. at 1038. As noted in *Flores-Ortega*, the prejudice inquiry is not wholly dissimilar from the inquiry used to determine whether counsel performed deficiently. *Flores-Ortega*, 528 U.S. at 486, 145 L. Ed. 2d at

1000-01, 120 S. Ct. at 1039. "To prove deficient performance, a defendant can rely on evidence that he sufficiently demonstrated to counsel his interest in an appeal. But such evidence alone is insufficient to establish that, had the defendant received reasonable advice from counsel about the appeal, he would have instructed his counsel to file an appeal." *Flores-Ortega*, 528 U.S. at 486, 145 L. Ed. 2d at 1001, 120 S. Ct. at 1039.

Under the single-prong test of *Moore*, while prejudice is presumed, only proof of deficient performance is required. *Moore*, 133 Ill. 2d at 339. Under *Edwards*, even presuming prejudice, defendant must show that counsel's deficient performance actually caused forfeiture of defendant's appeal. *Edwards*, 197 Ill. 2d at 252. Applying either test, we affirm the denial of the postconviction petition by the trial court in this case.

Here, defendant testified that he told his trial lawyer that he wanted to appeal, and his trial lawyer testified that defendant told him he did not want to appeal. Thus, we are not presented with the type of situation analyzed in *Flores-Ortega* where "the defendant has not clearly conveyed his wishes one way or the other." *Flores-Ortega*, 528 U.S. at 477, 145 L. Ed. 2d at 995, 120 S. Ct. at 1035. Here, we are presented with a situation where both the defendant and the attorney claim that the defendant clearly conveyed his wishes, albeit in versions which are completely contrary to one another. The critical question is whether counsel followed defendant's express instructions regarding the appeal. *Flores-Ortega*, 528 U.S. at 478, 145 L. Ed. 2d at 996, 120 S. Ct. at 1035. Defendant contends he told trial counsel to appeal. Trial counsel testified exactly opposite, that defendant told him he did not want to appeal. Therefore, the resolution of defendant's claim of ineffective assistance for failing to file an appeal rests directly on the credibility of the witnesses at the evidentiary hearing.

■ Determinations of the credibility of witnesses, the weight to be given their testimony and the reasonable inferences to be drawn from the evidence are the responsibilities of the trial court. *People v. Steidl*, 142 Ill. 2d 204, 226 (1991). As in other cases resolved by the court without a jury, these are matters for the judge to determine, and unless that determination by the trial judge is manifestly erroneous, the trial judge, who had the opportunity to see and hear each witness, will be upheld. *Coleman*, 183 Ill. 2d at 384, citing *People v. Bracey*, 51 Ill. 2d 514, 517 (1972). This deferential standard of review is based on the fact that the trial court is in a superior position to determine and weigh the credibility of witnesses, observe the demeanor of witnesses and resolve conflict in testimony based on the evidentiary hearing.

The testimony at defendant's evidentiary hearing was conflicting.

Defendant's trial lawyer testified that defendant never requested an appeal, that defendant stated he did not want to appeal, that he never told defendant's family he would file an appeal, that his conversations with the family occurred after trial, not after sentencing, and that the conversations with the family related to the filing of a motion for a new trial and arrest of judgment. In contrast, defendant stated that after being sentenced, he told his trial lawyer that he wanted to appeal, and defendant's witnesses testified that after sentencing, defendant's lawyer said that he would work on an appeal.

The testimony at the hearing indicates that the lay witnesses were confused as to the differences regarding trial, sentencing, appeal, and a motion for new trial. The record further reflects that all the witnesses, including defendant's trial lawyer, were confused regarding dates. Defendant's trial occurred on September 11 and 12, 1997; defendant's lawyer filed a motion for new trial and arrest of judgment on September 22, 1997; and on October 17, 1997, the trial court denied the motion and imposed sentence. At the postconviction hearing, however, defendant's lawyer testified that defendant was found guilty on September 22, 1997, and that on that same date, he spoke with defendant's family about and filed the motion for new trial and arrest of judgment. Defendant's lawyer was partly inaccurate. Defendant was found guilty on September 12, not September 22; however, he was correct when he testified that he filed a motion for new trial and arrest of judgement on September 22, 1997.

Defendant admitted at the hearing that he did not know the date of his conviction and did not know what day of the week his trial took place. Defendant stated that he was sentenced the day after he was convicted. In fact, defendant was sentenced several weeks after his conviction. Defendant's girlfriend testified that defendant was sentenced on October 17, 1997, but also insisted that the sentencing took place the day after the trial when in fact it took place over a month after the trial. Finally, defendant's brother testified that on October 17, 1997, the day defendant "lost his trial" and was sentenced, he had been excluded from the courtroom as a potential witness. In fact, defendant lost his trial September 12, 1997, and was sentenced on October 17, 1997.

Defendant testified that on October 17, 1997, the date that he was sentenced, he had a conversation with his lawyer at the defense table. He testified that he told his lawyer that he wanted an appeal and that his lawyer did not say anything in response. Defendant testified that he did not have any further conversations with his lawyer after this.

Defendant's lawyer testified that he and defendant had discussed an appeal off and on. Defendant was already serving six years on a dif-

ferent case. Defendant's lawyer testified that defendant told him that if he received a sentence of six years or less, he did not want to appeal his case. Regarding the October 17, 1997, conversation, defendant's lawyer testified that defendant did not tell him that he wanted to appeal. That testimony of trial counsel directly contradicts defendant's version of what happened on October 17, 1997.

Defendant further argues that trial counsel was deficient because defendant "may" have been mistaken that the six-year sentence in this case would run concurrent to the six-year term he was already serving for delivery of a controlled substance. Defendant never testified to this "mistaken belief." Defendant had the burden to plead and prove this fact in support of his postconviction claim of ineffective assistance of trial counsel. Neither the postconviction petition nor any of the accompanying affidavits or testimony contains any assertion that defendant did not understand the consecutive nature of the sentence. Defendant offered no such testimony at the hearing on the postconviction petition. We find this line of argument pure speculation, completely unsupported by the record. We further note that, at sentencing, it was repeatedly emphasized by the trial judge that defendant's sentence would be consecutive to the six-year sentence he was already serving for delivery of a controlled substance. Based on this record, the defendant failed to demonstrate deficiency of trial counsel.

Moreover, defendant failed to establish prejudice. The record does not reflect that defense counsel did anything to actually cause the forfeiture of defendant's appeal. After sentencing, defense counsel testified that he met with defendant in the lockup and spoke with him for about 30 minutes. They discussed various matters including motions about receiving good-time credit and regarding whether defendant could serve his sentence in Sheridan. There was no discussion about an appeal because defendant had indicated to his lawyer that there would be no appeal. Moreover, defense counsel testified that during the 30-day period following sentencing defendant did contact him, but defendant never told him he wanted to appeal. Defense counsel testified that he continued to communicate with defendant over the next two years and even helped defendant obtain a prison transfer. Here, the record reflects that the lines of communication were clearly intact between defendant and defense counsel. If defendant had wanted to appeal, that could have been communicated to defense counsel.

According to defendant, when he told trial counsel that he wanted an appeal, defense counsel stood up and did not answer him. It is unreasonable to conclude from this version of the discussion as related by defendant that this exchange with trial counsel constituted an

agreement to represent defendant on appeal. More importantly, however, trial counsel directly contradicted defendant on this critical issue. According to trial counsel, defendant told him he did not want to appeal. Specifically, trial counsel testified that defendant told him he did not want to appeal if he received a sentence of six years or less, because six years was the sentence he would have received pursuant to a plea agreement that was discussed in a conference that took place the previous year and was declined.

Moreover, defendant's own affidavit was contradicted by his testimony during the postconviction hearing. In his affidavit defendant alleged the following:

"My trial attorney *** informed me he would file a notice of appeal for me, and present my appeal to the Appellate Court. *** [He] assured me he would take care of appealing this case for me."

However, when questioned on direct and cross-examination during the postconviction hearing, the defendant never testified that his defense lawyer informed him that he would file a notice of appeal or that he would present defendant's appeal to the appellate court. Defendant never testified that his defense lawyer told defendant he would take care of appealing defendant's case. In fact, as previously noted, defendant testified that when he told his lawyer that he wanted an appeal, defense counsel stood up and did not answer the defendant. Later, on re-cross-examination by the State, the defendant was asked whether his lawyer responded after defendant said he wanted to appeal:

"THE STATE: On that day when you said when your lawyer asked you about the appeal, what were your exact words that you used to [defense counsel]?

DEFENDANT: I says I'd like appeal.

*  *  *

THE STATE: Did he respond to you?

DEFENDANT: No, because he—

THE STATE: Yes or no. Because he what?

DEFENDANT: I don't remember.

THE STATE: Did he give you an answer?

DEFENDANT: I don't remember.

THE STATE: Do you remember him saying anything to you after you said that?

DEFENDANT: I don't remember."

During 18 pages of testimony defendant never testified that his lawyer said he would file a notice of appeal, present defendant's case to the appellate court or that he would take care of appealing the case for defendant. Defendant's testimony was significantly impeached by the omission of any testimony regarding the specific allegations in his postconviction petition that his lawyer told him he would appeal the

case. Those omissions support the trial judge's rejection of defendant's testimony based on lack of credibility. Defendant's failure to testify about the specific substantive allegations in his petition that his lawyer told him repeatedly that he would file an appeal demonstrates a total lack of credibility. That lack of credibility supports the trial judge's determination that defendant failed to provide reliable or credible evidence that he communicated to his lawyer his intent that the case be appealed. Based on this record, the trial court's rejection of defendant's testimony as lacking credibility and reliability is clearly not manifestly erroneous.

As the record reflects, trial counsel was an experienced defense attorney. He was licensed as an attorney in both Illinois and Indiana. Ninety-six percent of his work was in criminal defense. He had practiced 32 years in Indiana and 31 years in Illinois. Defense counsel timely filed the motion for new trial and arrest of judgment. Nothing in this record suggests defense counsel was unaware of the time limits or procedures involved in filing appeals of criminal cases. Filing a notice of appeal is a ministerial task that imposes no great burden on counsel. Defense counsel's conduct is consistent with his testimony that defendant told him he did not want to appeal.

We note the defense witnesses were either friends or family members of the defendant. They prepared their affidavits at the same time when they met with postconviction counsel in a restaurant. The judge properly considered these circumstances. We are mindful that unless it is shown that the postconviction judge's credibility determinations are manifestly erroneous, those findings are not to be disturbed on appeal. *Coleman*, 183 Ill. 2d at 384. Here, the postconviction judge was also the trial judge. After listening to the witnesses and observing their demeanor, he believed defense counsel and rejected the testimony of defendant and his witnesses.

The trial judge recognized the weakness demonstrated by the defense witnesses as follows:

"I can only say that each and every one of the witnesses was completely confused as to the dates and times, but I can understand why they were confused because it's been a long period of time. It was a very emotional time for them but they weren't even concise and clear and consistent on what was said with their conversations with the lawyer. How it was said. Where it was said. They did not provide this court with any particular reliability or credibility for accepting any of their testimony regarding whether or not there was any proof that the defendant had requested [defense counsel] to file a notice of appeal."

The postconviction court denied defendant's petition and noted

that the testimony of defendant, and his friends and family members was confused and inconsistent. The court determined that the witnesses did not provide any reliable or credible evidence that defendant asked his trial lawyer to file a notice of appeal. The trial judge recognized that lay people are not familiar with the terminology of the court system. The judge found that, based on the credibility and believability of the witnesses, defendant did not request his lawyer to file a notice of appeal or to perfect the right to appeal the finding of guilty and sentence of the court. The postconviction judge had the opportunity during the evidentiary hearing to observe and hear the witnesses and to evaluate their demeanor and credibility. We recognize that the postconviction judge "occupies a 'position of advantage in a search for the truth' *** 'infinitely superior to that of a tribunal where the sole guide is the printed record.' " *Coleman*, 183 Ill. 2d at 384, quoting *Johnson v. Fulkerson*, 12 Ill. 2d 69, 75 (1957). After reviewing the record, we cannot say that the court's credibility determinations were manifestly erroneous.

Defendant further argues that even if the testimony of defendant's trial lawyer is accepted as credible, his performance in not filing an appeal fell below an objective standard of reasonableness which constituted ineffective assistance of counsel. In support of his argument, defendant cites *People v. Weger*, 154 Ill. App. 3d 706, 708 (1987). Unlike the present case, in *Weger* there was no question as to whether the defendant intended to appeal. In *Weger*, the record "clearly" established that the defendant intended to appeal, that trial counsel indicated he would perfect defendant's appeal, and that no appeal was taken. *Weger*, 154 Ill. App. 3d at 708. The *Weger* court found that trial counsel's performance fell below an objective standard of reasonableness and prejudiced defendant as to the armed violence conviction, but found no ineffective assistance regarding the burglary conviction. *Weger*, 154 Ill. App. 3d at 708.

■ For the reasons previously discussed, the record here does not establish that defendant intended to appeal, that defense counsel indicated he would perfect defendant's appeal, or that counsel failed to perfect defendant's appeal. The record does not reflect that trial counsel's performance was deficient and fell below an objective standard of reasonableness. As noted in *Flores-Ortega*, a defendant who explicitly tells his attorney not to file an appeal cannot later complain that by following his instructions, his counsel performed deficiently. *Flores-Ortega*, 528 U.S. at 477, 145 L. Ed. 2d at 995, 120 S. Ct. at 1035. The record does not reflect proof of deficient performance (*Moore*, 133 Ill. 2d at 339) or that any deficient performance caused forfeiture of defendant's appeal. *Edwards*, 197 Ill. 2d at 252. Based on this rec-

ord, we cannot say the dismissal of the postconviction petition after the evidentiary hearing was manifestly erroneous.

## B. *Apprendi*

■ Defendant's second contention on appeal is that his sentence is unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). Defendant argues that under *Apprendi*, it was unconstitutional for the trial court to determine that he was eligible for an extended term and to order that his sentence run consecutively to a sentence previously imposed in a separate case. Defendant relies on *People v. Beachem*, 317 Ill. App. 3d 693 (2000), which held that *Apprendi* applies to cases on collateral review. In *People v. Kizer*, 318 Ill. App. 3d 238, 244, 252 (2000), we held that *Apprendi* does not apply retroactively to cases on collateral review under the Post-Conviction Hearing Act. For the reasons previously discussed in *Kizer*, we do not consider the merits of defendant's *Apprendi* claims. See also *People v. Scullark*, 325 Ill. App. 3d 876, 889 (2001).

We note, however, that we need not resolve the issue as to whether the *Apprendi* rule applies in collateral proceedings because the sentence imposed here does not violate either the United States or Illinois Constitution. Defendant agrees that the sentence imposed was not an extended term, but consecutive sentences based on section 5—8—4(h) of the Unified Code of Corrections (730 ILCS 5/5—8—4(h) (West 1998)). Under that section, consecutive sentencing was mandated because defendant committed the felony offense of criminal sexual assault while on pretrial release for the separate felony offense of delivery of a controlled substance. The Illinois Supreme Court held that *Apprendi* concerns are not implicated by consecutive sentencing. *People v. Wagener*, 196 Ill. 2d 269, 286 (2001); *People v. Sutherland*, 317 Ill. App. 3d 1117 (2000). Were we to address the merits of this argument, clearly *Wagener* would dictate rejection of defendant's contention that his consecutive sentences are unconstitutional based on the principles articulated in *Apprendi*.

## C. Right to a Fair Trial

■ Defendant's final argument is that his petition for postconviction relief should not have been dismissed because the simultaneous, severed bench trials denied him his right to a fair trial. He argues that due to the structure of the trial, he was unable to present a complete defense and the trial judge was unable to fully separate the two cases. Defendant did not make this argument in his postconviction petition. Accordingly, it is waived and we will not address it in this appeal. 725 ILCS 5/122—3 (West 1998) ("Any claim of substantial denial of constitutional rights not raised in the original or an amended petition

is waived"); *People v. Moore*, 189 Ill. 2d 521, 544 (2000) (refusing to consider and expressing no opinion as to the merits of a claim defendant first raised on appeal from the dismissal of his postconviction petition). Defendant asserts that this issue may be addressed under the doctrine of plain error. However, in postconviction proceedings, the plain error rule may not be invoked to save procedurally defaulted claims. *People v. Davis*, 156 Ill. 2d 149, 159 (1993).

Moreover, at trial defendant did not object to the trial court's decision to conduct a simultaneous severed bench trial. He did not include this claim in his posttrial motion for a new trial. To preserve an issue for appeal, an objection must be raised at trial and in a posttrial motion. *People v. Enoch*, 122 Ill. 2d 176, 186 (1988). The trial court indicated that it would conduct simultaneous bench trials, stating:

> "So the issue is whether I hear it today or I heard it on a prior day, the same testimony would be adduced at their trials. It's a matter of having them separate and me hearing it on a separate occasion or hearing it together and applying it and disregarding what evidence shouldn't be applied or held against a particular defendant who has made the objection. That is something that this Court can do. So there is no bias or prejudice directed towards either defendant whether they be tried together or in simultaneous bench trials."

We note, in a bench trial, it is generally presumed that the judge considered only competent evidence and disregarded that which was inadmissible. *People v. Robinson*, 30 Ill. 2d 437, 439 (1964). Nothing in this record overcomes that presumption. The trial proceeded without objection from defendant; therefore, defendant waived any claim that the simultaneous severed bench trial deprived him of a fair trial. *People v. Schmitt*, 131 Ill. 2d 128 (1989).

## III. CONCLUSION

For the reasons stated above, we affirm the judgment of the circuit court.

Affirmed.

GALLAGHER, P.J., and BUCKLEY, J., concur.