THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JONATHAN CARTER, Defendant-Appellant.

First District (3rd Division)   No. 1—00—3923

Opinion filed June 28, 2002.—Rehearing denied August 15, 2002.

Michael J. Pelletier, of State Appellate Defender's Office, and John M. Kalnins, both of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb and Alan J. Spellberg, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE HALL delivered the opinion of the court:

The facts giving rise to this appeal are not in dispute. Following a jury trial, the defendant Jonathan Carter was convicted of second-degree murder. On March 3, 1998, he was sentenced to an extended term of 28 years' imprisonment based on the trial court's finding that the murder was accompanied by exceptionally brutal and heinous behavior indicative of wanton cruelty.[1] On direct appeal, this court affirmed defendant's conviction and sentence. *People v. Carter*, No.

---

[1]Second-degree murder is a Class 1 felony, with a usual sentencing range of 4 to 20 years. 730 ILCS 5/5—8—1(a)(1.5) (West 1996). However, under sec-

1—98—1417 (2000) (unpublished under Supreme Court Rule 23 (166 Ill. 2d R. 23)).

Defendant filed a petition for leave to appeal, which our supreme court denied on May 31, 2000. *People v. Carter*, 189 Ill. 2d 664, 731 N.E.2d 766 (2000). On August 3, 2000, defendant filed a *pro se* petition under the Post-Conviction Hearing Act (725 ILCS 5/122—1 *et seq.* (West 1994)), contending that pursuant to the United States Supreme Court decision in *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), which was handed down on June 26, 2000, the trial court was required to vacate his extended-term sentence. On October 11, 2000, the trial court denied defendant's petition on the ground that *Apprendi* could not be applied retroactively unless and until the United States Supreme Court granted retroactive application of *Apprendi* to collateral proceedings.

On appeal, defendant contends that: (1) his *pro se* notice of appeal was effective when it was mailed; (2) *Apprendi* applies to a timely filed postconviction petition; and (3) since *Apprendi* applies retroactively and his extended sentence violates *Apprendi*, this violation was not harmless under the facts in this case. For the reasons that follow, defendant's conviction is affirmed, and his sentence is vacated and remanded for resentencing consistent with this order.

## ANALYSIS

### I. Filing of Notice of Appeal

#### Standard of Review

■ An appellate court's review of a legal question is *de novo*. *People v. Hall*, 198 Ill. 2d 173, 760 N.E.2d 971 (2001). Defendant first contends that his notice of appeal was effective when it was mailed, arguing that the date of mailing, not the date the notice was received and file-stamped by the clerk, determined the date the notice was filed.[2] Defendant is correct.

In this case, the record shows that defendant's postconviction petition was denied on October 11, 2000. Therefore, defendant's last date

---

tion 5—5—3.2(b)(2) of the Unified Code of Corrections, an extended-term sentence may be imposed "[w]hen a defendant is convicted of any felony and the court finds that the offense was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty." 730 ILCS 5/5—5—3.2(b)(2) (West 1996). The extended-sentencing range for a Class 1 felony is 15 to 30 years. 730 ILCS 5/5—8—2(a)(3) (West 1996).

[2]The State points out in its brief that it does not dispute defendant's contention on this issue.

.

to timely file his notice of appeal was Friday, November 10, 2000.[3] In Illinois, a notice of appeal from a postconviction proceeding is deemed filed on the date of mailing. *People v. Johnson*, 232 Ill. App. 3d 882, 598 N.E.2d 276 (1992); *People v. Saunders*, 261 Ill. App. 3d 700, 633 N.E.2d 1340 (1994).

In the present case, there is no clear record showing the exact date defendant's notice of appeal was mailed. However, the record does indicate that defendant's notice of appeal, which was mailed from the Dixon Correctional Center, had to have been mailed either on or prior to the cutoff date of November 10, 2000. The record shows that defendant's notice of appeal was signed and sworn to on October 31, 2000, and that it was subsequently received and time-stamped by the filing clerk on Monday, November 13, 2000. It is virtually impossible that the filing clerk would have received defendant's notice of appeal on Monday, November 13, 2000, if the notice had been mailed from the Dixon Correctional Center on either Saturday, November 11, 2000, or Sunday, November 12, 2000. Consequently, under these circumstances we conclude that defendant's notice of appeal was timely filed.

## II. Retroactive Application of *Apprendi*

### Standard of Review

Review of a trial court's dismissal of a defendant's postconviction petition without an evidentiary hearing is *de novo. People v. Coleman*, 183 Ill. 2d 366, 389, 701 N.E.2d 1063 (1998). Defendant contends that *Apprendi* applies retroactively to his timely filed postconviction petition.

In *Apprendi*, the United States Supreme Court held that the defendant's extended-term sentence was unconstitutional because it had been extended or enhanced beyond the statutory maximum pursuant to a New Jersey statute providing for enhanced sentencing of defendants whose crimes were motivated by racial bias. *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). The Supreme Court's decision was predicated on the fact that under

---

[3]Supreme Court Rule 606(b) (134 Ill. 2d R. 606(b)) mandates that a notice of appeal be filed within 30 days from the entry of the judgment from which the appeal is taken. Appeals in postconviction proceedings are governed by Rule 651 (134 Ill. 2d R. 651). Appeals in postconviction proceedings should conform as near as possible with rules governing criminal appeals, and thus, Rule 606, which applies to criminal appeals, also governs the time limits for filing postconviction appeals. See 134 Ill. 2d R. 651(d) (stating, "[t]he procedure for an appeal in a post-conviction proceeding shall be in accordance with the rules governing criminal appeals, as near as may be"); see also *People v. Lilly*, 291 Ill. App. 3d 662, 687 N.E.2d 1070 (1997).

the New Jersey statute the finding of racial bias was made by a judge under a preponderance of the evidence standard, rather than by a jury beyond a reasonable doubt. The Court held that the United States Constitution required that any fact that increased the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, had to be submitted to a jury and proven beyond a reasonable doubt. *Apprendi*, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63.

■ Defendant contends that since *Apprendi* was decided after his conviction became final, *Apprendi* should apply retroactively to his timely filed postconviction petition. Defendant relies on *People v. Beachem*, 317 Ill. App. 3d 693, 740 N.E.2d 389 (2000), in which this court held that *Apprendi* is applicable retroactively to timely filed postconviction petitions. We agree with defendant's contention.

In *Beachem*, Justice Wolfson conducted an extensive review of the issue and focused on the inherent inequity of allowing a defendant to remain in prison for an amount of time in excess of the statutory maximum based on facts never proven to a jury beyond a reasonable doubt. See *Beachem*, 317 Ill. App. 3d at 702 (stating, "if we acknowledge the defendant remains in prison on a charge never made or proved, we have impugned the integrity of our criminal justice system. It is as if the sentencing judge actually said to the defendant: 'I have convicted you of a charge never made against you and never heard by the jury, and I have done it based on the preponderance of the evidence' "). Six months later, the Fifth District in *People v. Rush*, 322 Ill. App. 3d 1014, 1027, 757 N.E.2d 88 (2001), made a most thorough review of the issue subsequent to *Beachem* and cited *Beachem* with approval.

This court recognizes that other courts have determined that *Apprendi* is not applicable to timely filed postconviction petitions. See *People v. Kizer*, 318 Ill. App. 3d 238, 741 N.E.2d 1103 (2000); *People v. Scullark*, 325 Ill. App. 3d 876, 759 N.E.2d 565 (2001); *People v. Rovito*, 327 Ill. App. 3d 164, 762 N.E.2d 641 (2001); *People v. Montgomery*, 327 Ill. App. 3d 180, 763 N.E.2d 369 (2001). Nevertheless, we continue to adopt the well-reasoned analyses set forth in *Beachem* and *Rush* and conclude that *Apprendi* applies retroactively to defendant's timely filed postconviction petition.

■ The State contends that even if this court finds that *Apprendi* applies retroactively, the *Apprendi* error should be considered harmless. The State maintains that even though the trial court and not the jury determined the offense to be exceptionally brutal and heinous, any error was harmless because a jury would have reached the same conclusion beyond a reasonable doubt based upon the evidence.

In support of its harmless error argument the State relies upon *United States v. Nance*, 236 F.3d 820 (7th Cir. 2000), *United States v. Anderson*, 236 F.3d 427 (8th Cir. 2001), and *United States v. Terry*, 240 F.3d 65 (1st Cir. 2001). However, these cases do not apply here because they involved specific quantities of drugs. In *Nance, Anderson*, and *Terry*, the defendants were subjected to a sentence beyond the statutory maximum based on a finding by the trial court regarding the amount of narcotics involved. In the three federal circuit court cases, it was determined that the trial courts' findings regarding the amounts of narcotics violated *Apprendi* but the errors were found harmless on the ground that no rational jury could have found less than that amount of narcotics based on the presented evidence.

Unlike an amount of narcotics, where there can be specific evidence presented at trial indicating the exact quantity of narcotics involved, a finding that the crime was exceptionally brutal and heinous indicative of wanton cruelty is a factual question involving weighing evidence. See *People v. Hartzol*, 222 Ill. App. 3d 631, 652, 584 N.E.2d 291 (1991) (factors indicating that conduct was exceptionally brutal and heinous include: premeditation, unprovoked nature of the attack, number of wounds inflicted, and senseless nature of act). Terms such as "brutal" and "heinous" are subject to various interpretations, unlike the quantity of drugs or a victim's age. In the instant case, we must reject the State's contention that any rational trier of fact would have found defendant's murder of his male companion to be exceptionally brutal and heinous, especially in light of the fact that the jury found defendant guilty of second-degree murder[4] but found him not guilty of first-degree murder. See, *e.g., People v. Lopez*, 166 Ill. 2d 441, 447, 655 N.E.2d 864 (1995) (stating that "[w]hat distinguishes [second-degree murder and first-degree murder] is the presence of the mitigat-

---

[4]The second-degree murder statute provides in relevant part:

"(a) A person commits the offense of second degree murder when he commits the offense of first degree murder *** and either of the following mitigating factors are present:

(1) At the time of the killing he is acting under a sudden and intense passion resulting from serious provocation by the individual killed or another whom the offender endeavors to kill, but he negligently or accidentally causes the death of the individual killed; or

(2) At the time of the killing he believes that the circumstances to be such that, if they existed, would justify or exonerate the killing *** but his belief is unreasonable." 720 ILCS 5/9—2(a)(1), (a)(2) (West 1994).

ing circumstances, which reduces first[-]degree murder to second[-]degree murder").

The State also contends that its harmless error argument is supported by *People v. Jones*, 81 Ill. 2d 1, 405 N.E.2d 343 (1979), *People v. Leger*, 149 Ill. 2d 355, 597 N.E.2d 586 (1992), and *People v. Armstrong*, 183 Ill. 2d 130, 700 N.E.2d 960 (1998), where the Illinois Supreme Court found that the trial courts' failure to submit the intent element of the offenses to the juries was harmless. All three case are distinguishable. In *Jones*, the court noted that the intent to commit murder was blatantly evident and was admitted to by defense counsel and that the only real issue was identity. *Jones*, 81 Ill. 2d at 10. In *Armstrong*, the sentencing jury was not given an instruction regarding intent during the death penalty eligibility hearing, but that same jury had received an intent instruction during the guilt phase of the trial. *Armstrong*, 183 Ill. 2d at 151-52. In *Leger*, the defendant was convicted of three counts of first-degree murder, one count each of attempted first-degree murder, home invasion, and armed violence, and two counts of aggravated battery. *Leger*, 149 Ill. 2d at 363. The *Leger* court determined that jury instructions which erroneously stated the elements of attempted murder were harmless. One jury instruction was erroneous because it allowed the jury to convict for attempted murder based upon felony murder; a second jury instruction was erroneous because it allowed the jury to convict for attempted murder based on knowledge that the act performed would cause death or created a strong possibility of death, rather than based on intent to kill. *Leger*, 149 Ill. 2d at 404. The *Leger* court determined that the erroneous instructions were harmless in light of the fact that defendant's intent to kill was plainly evident where one victim was shot three times, once in the head, at relatively close range. *Leger*, 149 Ill. 2d at 404. In addition, *Jones, Leger*, and *Armstrong* were all decided before *Apprendi*.

Accordingly, for the reasons set forth above, the judgment of the circuit court of Cook County regarding defendant's conviction is affirmed, the extended-term sentence of 28 years is vacated, and the cause is remanded to the circuit court for imposition of a nonextended-term sentence for second-degree murder.

Affirmed in part and vacated in part; cause remanded.

WOLFSON and SOUTH, JJ., concur.