THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. VINCENT SMITH, Defendant-Appellant.

Second District No. 2—02—0655

Opinion filed October 23, 2003.

G. Joseph Weller and Darren E. Miller, both of State Appellate Defender's Office, of Elgin, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (Martin P. Moltz and Diane L. Campbell, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GROMETER delivered the opinion of the court:

Defendant, Vincent Smith, pleaded guilty to forgery (720 ILCS 5/17—3(a)(2) (West 2000)) and was sentenced to probation. The circuit court revoked his probation and sentenced him to an extended term of six years' imprisonment. Defendant appeals, contending that the trial court erroneously gave him an extended-term sentence without finding beyond a reasonable doubt the existence of an aggravating factor. We affirm.

On October 4, 2000, defendant entered an open guilty plea to one count of forgery. Before accepting the plea, the trial court gave defendant the required admonishments, including admonishing him that he could be eligible for an extended-term prison sentence.

At the sentencing hearing, the prosecutor argued that defendant

had previously been sentenced to prison for aggravated battery, attempted arson, and delivery of a controlled substance. He also had been convicted of aggravated assault in Mississippi and sentenced to $2^1/2$ years in prison. The State asked the court to sentence defendant to an extended term of six years' imprisonment.

Defense counsel, Neil Levine, asked the court to sentence defendant to probation. Conceding that it was an "odd request," Levine noted that defendant had been sent to prison three times but had never been on probation. Levine cited defendant's employment history and drug addiction and asked the court to give defendant a chance at probation. The court sentenced defendant to 30 months' probation, but warned him that "[i]f you mess up and don't go to probation or commit another offense, you're going to the penitentiary."

On January 7, 2002, the State petitioned to revoke defendant's probation. The State later filed a superceding petition to revoke and defendant stipulated to its contents. The court asked if defendant was eligible for an extended-term sentence and Levine said that he was. Based on defendant's stipulation, the court found that defendant had violated his probation and continued the cause for sentencing.

At the sentencing hearing, the court asked Levine if he had any additions or corrections to the presentence report. Levine stated that an attempted aggravated arson conviction shown in the report was actually a conviction of attempted arson. Levine also discussed two failures to report to probation listed in the report. He argued that defendant was in the Cook County jail on the second date. Levine said, "Those are the only errors that I am aware of." Following arguments, the court sentenced defendant to six years' imprisonment. Defendant filed a *pro se* notice of appeal on June 3, 2002.

On June 5, 2002, Levine filed a motion to reconsider the sentence. Defendant filed a *pro se* postconviction petition and a *pro se* motion to reduce the sentence. Levine moved to dismiss the June 3 notice of appeal. On June 25, 2002, the court granted the motion to dismiss the notice of appeal, denied the motion to reconsider the sentence, and dismissed the postconviction petition. Defendant filed a timely notice of appeal.

Defendant contends that in sentencing him to an extended term, the trial court failed to comply with section 5—8—2(a) of the Unified Code of Corrections (730 ILCS 5/5—8—2(a) (West 2000)). The version of that section that applied at the time of the sentencing hearing provided in relevant part that a trial court shall not impose an extended-term sentence "unless the factors in aggravation set forth in paragraph (b) of Section 5—5—3.2 were found to be present. Where a trier of fact finds beyond a reasonable doubt that such factors were

present," the court may impose a sentence within the extended range. 730 ILCS 5/5—8—2(a) (West 2000). One of the aggravating factors specified in section 5—5—3.2(b)(1) is that the defendant was convicted of any felony "after having been previously convicted in Illinois or any other jurisdiction of the same or similar class felony or greater class felony, when such conviction has occurred within 10 years after the previous conviction." 730 ILCS 5/5—5—3.2(b)(1) (West 2000). Defendant contends that his extended-term sentence is invalid because the trial court did not find the existence of the aggravating factor beyond a reasonable doubt as the statute required.

The applicable version of section 5—8—2(a) was enacted in response to the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). *Apprendi* holds that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury[ ] and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63. Thus, although *Apprendi* expressly excluded from its reach extended-term sentences based on recidivism, the applicable version of section 5—8—2 at issue here did not embody this exception.

We note that the legislature then amended section 5—8—2(a) again. Pub. Act 92—591, § 5, eff. June 27, 2002. The latest version of section 5—8—2(a) provides that the court may impose an extended-term sentence "[i]f the pre-trial and trial proceedings were conducted in compliance with subsection (c—5) of Section 111—3 of the Code of Criminal Procedure of 1963." 730 ILCS 5/5—8—2(a) (West 2002). Section 111—3(c—5) provides for the procedural safeguards *Apprendi* requires where the prosecution seeks to use a fact to increase the range of penalties for the offense beyond the normal statutory maximum. 725 ILCS 5/111—3(c—5) (West 2002). However, in accordance with *Apprendi*'s recidivism exception, the statute expressly excludes "the fact of a prior conviction" from its scope. 725 ILCS 5/111—3(c—5) (West 2002).

Initially, we note that defendant waived this argument because he did not raise it in the trial court. See *People v. Enoch*, 122 Ill. 2d 176, 188 (1988). When asked, Levine conceded that defendant was eligible for an extended-term sentence. Defendant never argued that the court had to find beyond a reasonable doubt that he was eligible for extended-term sentencing. His postsentencing motion does not raise the issue either. Although defendant's postconviction petition mentions *Apprendi*, he concedes on appeal that *Apprendi* does not apply because of its recidivism exception. This is a particularly appropriate case to apply waiver, because it is apparent that the trial court could

easily have addressed defendant's concerns—*i.e.*, by specifying the standard of proof it was applying—had defendant raised the issue there.

Even if we overlooked the waiver here, defendant's argument would still be without merit. The First District recently rejected the same argument defendant now makes. The court held that the omission of the recidivism exception from the earlier version of section 5—8—2(a) was a legislative oversight. *People v. Askew*, 341 Ill. App. 3d 548, 554 (2003). The court held that section 111—3(c—5), which expressly excludes prior convictions, conflicted with the then-extant version of section 5—8—2(a), and the court had to resolve the ambiguity by discerning the legislature's true intention. Given the statute's obvious purpose to codify the *Apprendi* holding, the court concluded that the recidivism exception should be read into section 5—8—2(a). *Askew*, 341 Ill. App. 3d at 554. The court also cited the subsequent amendment to section 5—8—2(a) as evidencing the legislature's actual intention to exclude recidivism from the requirement that enhancing factors be proved beyond a reasonable doubt.

We agree with *Askew*'s analysis. The legislature amended section 5—8—2(a) to codify *Apprendi*, which expressly excludes prior convictions from its rule. Section 111—3(c—5) of the Code of Criminal Procedure expressly incorporates the recidivism exception. The legislature quickly amended section 5—8—2(a) to include the exception there as well. Under these circumstances, it would be anomalous to hold that the legislature intended to exclude the recidivism exception from section 5—8—2(a).

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

HUTCHINSON, P.J., and KAPALA, J., concur.