(No. 32800.—

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff in Error, *vs.* PATRICK JOYCE, Defendant in Error.

*Opinion filed September 24, 1953—Rehearing denied Nov. 16, 1953.*

Latham Castle, Attorney General, of Springfield, and John Gutknecht, State's Attorney, of Chicago, (John T. Gallagher, Robert McDonnell, Robert Mackey, and William J. McGah, Jr., all of Chicago, of counsel,) for the People.

Francis T. McCurrie, of Chicago, (John M. Branion, John M. Flaherty, and William Fitzpatrick, of counsel,) for defendant in error.

Mr. Chief Justice Schaefer delivered the opinion of the court:

In 1929 Patrick Joyce was indicted for the crime of murder, found guilty by a jury, and sentenced to imprisonment for life. In 1951 he filed a petition under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1951, chap. 38, pars. 826-832,) to have his conviction set aside. A hearing was had in the criminal court of Cook County and the court granted the petition, vacated the judgment of conviction, and ordered a new trial. The People have prosecuted this writ of error to review that judgment.

We are faced at the outset with a challenge to our jurisdiction. Since the judgment below directed a new trial, Joyce, (hereinafter defendant,) argues that it was not final and hence is not reviewable. We do not agree. Section 7 of the act (Ill. Rev. Stat. 1951, chap. 38, par. 832,) provides for review in this court of "any final judgment entered upon such a petition." The judgment below, while it does not ultimately dispose of the criminal proceedings against the defendant, is clearly a final disposition of his petition under the act. It is true that Rule 27B, (Ill. Rev. Stat. 1951, chap. 110, par. 259.27B,) which relates to appellate procedure in post-conviction cases, does not contain provisions specifically governing that procedure when review is sought at the instance of the People. Rather it is confined to that aspect of review with respect to which an explicit outline of the applicable procedure was most necessary,—review at the instance of the prisoner. But the fact that the rule does not completely cover all phases of review does not alter or curtail the express provision of the act for review of "any final judgment." Moreover, as was pointed out in *People* v. *Bernatowicz*, 413 Ill. 181, the remedy afforded by the Post-Conviction Hearing Act is similar in many of its characteristics to that available by motion *coram nobis* under section 72 of the Civil Practice Act. (Ill. Rev. Stat. 1951, chap. 110, par. 196.) And with respect to review of *coram nobis* proceedings, it has been observed that "Since the judgment entered upon such proceeding is final and the proceeding is civil in its nature, either the State or the defendant is entitled to a review of the judgment of the court entered on such motion or petition." *People ex rel. Courtney* v. *Green*, 355 Ill. 468, 473; cf. *People* v. *Touhy*, 397 Ill. 19, 26.

In his original petition and in an amendment thereto, defendant asserted numerous claims. Only two of them stated substantial deprivations of constitutional rights. The others need not be considered here. The first claim of substance is based on the following instruction which was

given to the jury at the request of the People: "The Court instructs the jury that they are the judges of the law as well as of the facts in the case, and if they can say upon their oaths that they know the law better than the court does, they have a right to do so; but before assuming so solemn a responsibility, they should be assured that they are not acting from caprice or prejudice, that they are not controlled by their wills or their wishes, but from deep and confident conviction that the court is wrong and that they are right. Before saying this upon their oaths, it is their duty to reflect whether, from their study or experience, they are better qualified to judge of the law than the court; if under all the circumstances, they are prepared to say that the court is wrong in its exposition of the law, the statute has given them the right." Defendant asserts that the giving of this instruction deprived him of his right of trial by jury and of due process of law, and violated the separation of powers provision of article III of the constitution. The court below agreed, and, as the record discloses, the new trial was ordered solely on this ground.

At the time of defendant's trial in 1929, section 11 of division XIII of the Criminal Code (Ill. Rev. Stat. 1929, chap. 38, par. 741,) provided: "Juries in all criminal cases shall be judges of the law and the fact." The instruction to the jury in this case was apparently based upon this statutory provision, which was first enacted in 1827. In 1931, however, this court held, in *People* v. *Bruner*, 343 Ill. 146, that it was not error to refuse a defendant's request that such an instruction be given. The narrow holding was that the trial court was not required to give this instruction by the force of the statute, since the statute violated article II, section 5, and article III of the constitution. In the *Bruner case* itself there was, of course, no direct question of any violation of the defendant's right of trial by jury, since it was he who requested the instruction. The court based its decision, however, upon the ground that to com-

mit the determination of questions of law to the jury so substantially altered trial by jury as it existed at common law as to abrogate the right guaranteed by section 5 of article II of the constitution. 343 Ill. 146, 150, 156.

In *People* v. *Fedora,* 393 Ill. 165, the instruction here involved was given at the instance of the People. There, as here, the defendant had been tried and convicted before the *Bruner* decision, and he contended that the giving of the instruction required a reversal. This court refused to reverse the conviction, on the ground that the error was not prejudicial. The bases upon which this conclusion was reached were that the instruction itself so limited the jury's right to judge the law as to make it harmless, and that it was neutralized by other instructions which correctly stated the applicable law. If the inherent character of an instruction is such that it does not constitute reversible error when considered upon direct review, then, obviously, it does not give rise to the substantial denial of constitutional rights which is required for relief under the Post-Conviction Hearing Act. We agree with the holding of the *Fedora case* that the instruction was rendered harmless by its own limitations, and that the defendant was not deprived of his constitutional right of trial by jury, and we rest our decision on that ground. It follows that the trial court erred in setting aside the original conviction because this instruction was given.

By amendment to his petition defendant alleged that a confession which was received in evidence had been procured by repeated beatings and by other physical violence at the hands of the police. At the hearing, defendant testified in support of this allegation. The People cross-examined the defendant with respect to the coerced character of the confession, but produced no evidence to rebut his testimony.

There can be no question that defendant's allegations and testimony, if true, show a violation of his constitu-

tional rights. (*People* v. *Evans*, 412 Ill. 616.) The trial court did not pass upon this issue, being of the opinion that defendant had waived the claim by failing to seek a direct review of his conviction. On the question of waiver, defendant alleged that at all times subsequent to his conviction he had been without money or means to prosecute any type of legal action to obtain a review of his conviction. The record shows that at his original trial, as well as in the post-conviction proceeding, he was represented by counsel appointed by the court. The People neither denied defendant's allegation of indigence, nor challenged its sufficiency. Defendant also alleged that he had been unable to secure a transcript of the testimony upon his trial and would therefore have been unable to present on direct review his claim as to the coerced confession. The trial court ruled that defendant could nevertheless have presented his claims in a constructed or "bystander's" bill of exceptions (see: *162 East Ohio Street Hotel Corp.* v. *Lindheimer*, 368 Ill. 294; *People ex rel. Hall* v. *Holdom*, 193 Ill. 319; *People ex rel. Munson* v. *Gary*, 105 Ill. 264; *People ex rel. Maher* v. *Williams*, 91 Ill. 87,) and therefore held that defendant's claim had been waived by his failure to present it upon a direct review. We think, however, that in view of defendant's incarceration and his uncontroverted allegation of indigence, this alternative method of bringing up the record for review was not, as a practical matter, available to him. We hold that the defendant did not waive the claim.

Since the trial court rejected the claim that defendant's confession was coerced without passing upon the truth of defendant's allegations, we remand the cause for a determination of this issue upon such further hearings as the trial court deems necessary.

*Reversed and remanded, with directions.*