THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MAURICE BROWN, Defendant-Appellant.

First District (5th Division)   No. 86—1226

Opinion filed June 12, 1987.

David Laz, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., Rimas F. Cernius, and Michael D. Jacobs, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

Following a bench trial, defendant was convicted of violating section 24 of the Medical Practice Act (Ill. Rev. Stat. 1985, ch. 111, par. 4459) and sentenced to one year's court supervision. On appeal, he concurrently contends that the complaint failed to allege and the evidence failed to establish that he committed an offense under the section charged.

Defendant was arrested and charged with four separate violations of section 24 of the Medical Practice Act (the Act), which prescribes the punishment for doing certain acts without a valid license. At the outset of trial, it was stipulated that he was not a physician but, rather, a registered nurse licensed to practice in Illinois. The sole witness for the State was Glenn Crick, Director of Enforcement for the Illinois Department of Registration and Education. He testified that on March 22, 1985, he went to the Hillside Clinic—a facility which provided medical screening for immigrants wishing to become United States citizens—for an appointment he had made under the name "Glenn Casey." Posing as a Canadian citizen, he gave the receptionist a medical examination form from the United States Department of Immigration and Naturalization and paid her a $50 fee. After taking an X ray, she led him to an examination room where defendant took his medical history and then performed a series of routine tests to check his eyes, ears, nose, throat, blood pressure, heart, lungs and reflexes, all of which registered nurses are licensed to do. During the examination, Crick informed defendant that he was experiencing pain in his right knee, surmising that it might be associated with jogging. Defendant opined that the source of the pain was a pulled ligament and suggested he refrain from jogging. Upon completion of the examination, defendant checkmarked the spaces on two clinic forms denoting "no defect, disease or disability," signed on the bottom, "Gerald S. Shobot, M.D.," put the forms into an envelope, returned the enve-

lope to him (Crick) and exited the room. Crick further testified that he knew at the time of the examination that defendant's name was not "Shobot"; that a Doctor Shobot had been associated with the clinic in the past; and that defendant never identified himself as either "Doctor Shobot," or "Doctor Brown."

Following his arrest, immediately after the examination described above, defendant was charged, *inter alia*, with four separate violations of section 24, which provides in full:

> "If any person holds himself out to the public as being engaged in the diagnosis or treatment of ailments of human beings; or suggests, recommends or prescribes any form of treatment for the palliation, relief or cure of any physical or mental ailment of any person with the intention of receiving therefor, either directly or indirectly, any fee, gift, or compensation whatsoever; or diagnosticates or attempts to diagnosticate, operate upon, profess to heal, prescribe for, or otherwise treat any ailment, or supposed ailment, of another; or maintains an office for examination or treatment of persons afflicted, or alleged or supposed to be afflicted, by any ailment; or attaches the title Doctor, Physician, Surgeon, M.D., or any other words or abbreviation to his name, indicating that he is engaged in the treatment of human ailments as a business; and does not possess a valid license issued by the authority of this State to practice the treatment of human ailments in any manner, he shall be sentenced as provided in section 35.1." Ill. Rev. Stat. 1985, ch. 111, par. 4459.

At the close of the State's case, defendant's motion for a directed verdict was granted as to the charges that he (1) held himself out to the public as being engaged in the diagnosis or treatment of human ailments and (2) maintained an office for examination and treatment thereof, without a valid license; and after closing argument by counsel the trial court found him not guilty of the charge of diagnosticating human ailments. He was, however, found guilty of the fourth charge, which alleged that he:

> "committed the offense of doing certain acts without a license in that he attached the title physician, surgeon, indicating that he is engaged in the treatment of human ailments as a business and does not possess a valid license issued by the authority of this State to practice the treatment of human ailments in any manner in violation of Chapter 11, section #4459."

Defendant's post-trial motion was denied, and this appeal followed.

Opinion

Defendant contends that his conviction must be reversed as having been obtained in violation of his due process rights because the complaint failed to state and the evidence failed to establish that he committed an offense under section 24 of the Act. Specifically, defendant argues, first, that the complaint was fatally defective in that it failed to allege that he attached the title "Doctor" or "M.D." *"to his name"* (emphasis added), and is required by the statute, and second, that, in any event, there was no evidence that he did so. He maintains that while the State's evidence that he signed the name "Dr. Gerald S. Shobot, M.D." on the clinic forms might, arguably, have constituted grounds to charge him with a violation of section 31 of the Act (Ill. Rev. Stat. 1985, ch. 111, par. 4466), which provides in pertinent part:

> "[A]ny person who holds himself out to treat human ailments under any name other than his own, or by personation of any physician, shall be punished as provided by Section 35.1,"

he was not charged therewith.

It is the State's position that the complaint as written satisfactorily charges a violation of section 24 because (a) the phrase "to his name" is not an essential element thereof, (b) the word "attaches" is interchangeable with the word "uses," and (c) in any event, by signing Dr. Shobot's name, defendant assumed it as "his name." In essence, the State urges that we (1) strike the words "to his name" as nonessential to the charge and (2) substitute the word "used" for "attached" in determining the sufficiency of the complaint.

Section 111—3(a)(3) of the Code of Criminal Procedure (the Code) requires that the State set forth in its complaint the nature and elements of the offense charged (Ill. Rev. Stat. 1985, ch. 38, par. 111—3(a)(3)); and it is fundamental that the failure to do so constitutes a deprivation of due process (*People v. Smith* (1984), 99 Ill. 2d 467, 459 N.E.2d 1357; *People v. Abrams* (1971), 48 Ill. 2d 446, 271 N.E.2d 37; *People v. Stanley* (1976), 42 Ill. App. 3d 99, 355 N.E.2d 582) and subjects the complaint to dismissal under section 114—1(a)(8) of the Code (Ill. Rev. Stat. 1985, ch. 38, par. 114—1(a)(8); *People v. Johnson* (1979), 69 Ill. App. 3d 248, 387 N.E.2d 388). Furthermore, it is a cardinal rule of statutory construction that significance and effect should be accorded every paragraph, sentence, phrase and word of a statute and that it should, if possible, be construed so that no sentence, clause or word is rendered superfluous or meaningless. (*People v. Lutz* (1978), 73 Ill. 2d 204, 383 N.E.2d 171.) Adherence to this principle is most compelling in cases involving criminal statutes. Such provisions must "be strictly construed in favor of an accused, and

nothing is to be taken by intendment or implication against him beyond the obvious or literal meaning" thereof. 73 Ill. 2d 204, 212-13, 383 N.E.2d 171, 174.

Initially, we note that unlike the State, we do not believe that the words "attach" and "use" are interchangeable, as the former merely involves the act of appending or annexing, whereas the latter connotes active utilization or employment. Furthermore, it is our view that not only are we precluded from striking the words "to his name" from the statute at issue by the principles enunciated above, but that even assuming we possessed the authority to do so, the end result of our redrafting would be, in substance, a restatement of section 31, which prohibits any person from holding "himself out to treat human ailments *under any name other than his own*," an offense with which defendant might have been, but was not, charged. Presuming, under basic rules of statutory construction, that the legislature intended to differentiate among various types of conduct in enacting both sections 24 and 31, we decline to rewrite or interpret the former—as the State urges us do so as to validate the complaint before us—in such a way as to render the clause at issue nothing more than a repetition of an offense encompassed by the latter.

■ Having failed to allege that defendant attached one of the named medical titles "to his name," the State's complaint purporting to charge him with a violation of section 24 of the Medical Practice Act does not state an offense thereunder; and, in the light of the State's own evidence that the name defendant signed on the forms he gave to Agent Crick following the examination—which, the State conceded, he was legally permitted to perform—was not "his name," his conviction must be reversed.

For the reasons stated, defendant's conviction of violating section 24 of the Medical Practice Act is hereby reversed.

Reversed.

LORENZ and PINCHAM, JJ., concur.