FIRST DIVISION

June 16, 2003

1-01-2920 

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from the

) Circuit Court of

Plaintiff-Appellee, ) Cook County

)

) No. 01 CR 7090

)

THOMAS ASKEW, ) Honorable

) Evelyn B. Clay,

Defendant-Appellant. ) Judge Presiding.

JUSTICE SMITH delivered the opinion of the court:

Following a bench trial, defendant, Thomas Askew, was found guilty of possession of a controlled substance.  At the sentencing hearing on July 16, 2001, the trial court sentenced defendant to an extended-term sentence of four years in prison, based on defendant's prior convictions.    

On appeal, defendant does not challenge the sufficiency of the evidence that led to his conviction.  Instead, he argues that the trial court improperly imposed an extended term sentence based on his prior convictions, because: (1) the trial court did not find the existence of his prior convictions beyond a reasonable doubt, as required by the version of 5/5-8-2 of the Unified Code of Corrections (the Code) (730 ILCS 5/5-8-2(a) (West 2000)) under which he was sentenced, and (2) the extended-term sentencing provision found in section 5-5-3.2(b)(1) (730 ILCS 5/5-5-3.2(b)(1) (West 2001)) is unconstitutional under 
Apprendi v. New Jersey
, 530 U.S. 466, 147 L. Ed. 2d 435,120 S. Ct. 2348 (2000), because it does not require that his prior convictions be pled in the charging instrument or proven at trial.  Defendant alleges that these errors entitle him to a new sentencing hearing.

In 
Apprendi
, the Supreme Court held unconstitutional a New Jersey hate crime statute that increased the normal 5 - 10 year range of imprisonment for possession of a firearm for an unlawful purpose to a 10 - 20 year term if the trial judge found by a preponderance of the evidence that the defendant, when committing the offense for which he was being sentenced, had acted with a racially biased purpose.  
Apprendi
, 530 U.S. at 468-69, 147 L. Ed. 2d 435,120 S. Ct. at 2531.  The Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  
Apprendi
, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63.

In recognizing that prior convictions are an exception to the general rule that facts which increase a sentence beyond the statutory maximum must be proven beyond a reasonable doubt, the 
Apprendi
 Court relied on its holding in 
Almendarez-Torres v. United States
, 523 U.S. 224, 140 L. Ed. 2d 350, 118 S.Ct. 1219 (1998).  The Court explained that the procedural safeguards attached to any "fact" of a prior conviction mitigate the due process concerns otherwise implicated in allowing a judge to determine a "fact" which increases punishment beyond the statutory maximum penalty.  
Apprendi
, 530 U.S. at 488-90, 147 L. Ed. 2d at 454, 120 S. Ct. 2362.  Further, the Court reasoned that recidivism is not an essential element of the underlying criminal offense and recidivism does not relate to the commission of the underlying offense. 

 This court has held that these same reasons support applying the recidivism exception recognized in 
Apprendi
 to Illinois cases.  
People v. Lathon
, 317 Ill. App. 3d 573 (2000) (defendant's sentencing as a recidivist was not subject to 
Apprendi
 rule generally requiring a jury determination of fact issues relating to sentencing); 
People v. Childress
, 321 Ill. App. 3d 13 (2001) (same).

Against this backdrop, the legislature amended the Code of Criminal Procedure of 1963 (Procedure Code) by Public Act 91-953 (Pub. Act 91-953, eff. Feb. 23, 2001).  The central amended provision was section 111-3(c-5) (725 ILCS 5/111-3(c-5) (West 2000)), which now provides in pertinent part:

"Notwithstanding any other provision of law, in all cases in which the 

imposition of the death penalty is not a possibility, if an alleged fact

(
other than the fact of a prior conviction
) is not an element of an 

offense but is sought to be used to increase the range of penalties

for the offense beyond the statutory maximum that could otherwise

be imposed for the offense, the alleged fact must be included in the 

charging instrument or otherwise provided to the defendant through

a written notification before trial, submitted to a trier of fact as an 

aggravating factor, and proved beyond a reasonable doubt."   

(Emphasis supplied).

Sections 5-5-3(d) and 5-5-4 of the Code were amended with the language:

"If a sentence is vacated on appeal or on collateral attack due to the

failure of the trier of fact at trial to determine beyond a reasonable 

doubt the existence of a fact (
other than a prior conviction
) 

necessary to increase the punishment for the offense beyond the

statutory maximum otherwise applicable, either the defendant may be

re-sentenced to a term within the range otherwise provided or, if

the State files notice of its intention to again seek the extended 

sentence, the defendant shall be afforded a new trial." (Emphasis added.)

(730 ILCS 5/5-5-3(d) and 730 ILCS 5/5-5-4 (West 2000).

These amendments reflect the legislature's intention to bring the Code into conformity with the 
Apprendi
 decision both in terms of the burden of proof and other due process protections where extended sentences are sought, 
and
 in terms of the exemption from that burden and process for extended-term sentences predicated upon prior convictions.  

The problem, according to defendant, is that the amendment to section 5-8-2(a) does not contain the exception for prior convictions.  Instead, that section provided (in relevant part, and at the time defendant was sentenced):

"A judge shall not sentence an offender to a term of imprisonment

in excess of the maximum sentence authorized by Section 5-8-1

for the class of the most serious offense of which the offender was 

convicted unless the factors in aggravation set forth in paragraph (b)

of Section 5-5-3.2 were found to be present.  
Where a trier of fact

finds beyond a reasonable doubt that such factors were present
, the 

judge may sentence an offender to the following [.]" (Emphasis added.)

(730 ILCS 5/5-8-2 (West 2000)).

Defendant contends that, according to the unambiguous provisions of section 5-8-2, he was entitled to have proven, beyond a reasonable doubt, the fact of his prior convictions.  

The State maintains that the legislature's failure to include the exception for extended term sentences found elsewhere in the Unified Code of Corrections in the version of section 5-8-2 under which defendant was sentenced was an oversight, and that this court can and should supply the missing language in order to give effect to clear legislative intent.

"The cardinal rule of statutory construction, to which all other rules are subordinate, is to ascertain and give effect to the true intent of the legislature.  In determining the legislative intent, a court should first consider the statutory language.  This is the best means of expounding the legislative intent.  Where the statutory language is clear, it will be given effect without resort to other aids for construction.  However, where the language is ambiguous, it is appropriate to examine the legislative history."  
People v. Hickman
, 163 Ill. 2d 250, 261 (1994).  Defendant argues that it is improper for us to examine legislative intent in this case, inasmuch as the language of section 5-8-2 is unambiguous.  We disagree.  

An ambiguity exists when a statute is capable of being understood in two or more different senses by reasonably well-informed persons.  
People v. Jameson
, 162 Ill. 2d 282, 288 (1994).  As a sentencing provision, section 5-8-2  necessarily operates in relation to and along with other provisions of the sentencing scheme.  Construction of the language of that section is therefore impossible without reference to the other sections of the Code and the Procedure Code which inform it, including sections 5-5-3(d) and 5-5-4 and 111-3, respectively, all of which exempt prior convictions from the category of aggravating factors the existence of which must be proven beyond a reasonable doubt.  We find that a reasonable person reading section 5-8-2 and related sentencing provisions could conclude either that prior convictions must be proven beyond a reasonable doubt or that prior convictions are exempt from this requirement.  There is accordingly an ambiguity.

We recognize that criminal statutes are to be construed in favor of the accused, but such construction should not be so rigid as to defeat the intent of the legislature.  
People v. Smith
, 307 Ill. App. 3d 414, 418 (1999).  In determining legislative intent, courts attempt to ascertain the objective the legislature aimed to achieve, the reason and necessity for the law, and the evils it sought to remedy.  
People v. Jeffries
, 164 Ill. 2d 104, 110 (1995).  In this case, it is clear that the legislature sought to amend the Code to bring its provisions into conformity with the decision handed down in 
Apprendi
.  As discussed earlier, 
Apprendi
 set forth certain criteria for the imposition of extended sentences, including proof of aggravating factors beyond a reasonable doubt, submission to a jury, as well as inclusion in the charging instrument (or other sufficient notice to the accused) of the factors that the State will seek to demonstrate.  
Apprendi
 also made it quite clear that extended sentences based upon prior convictions were exempt from the foregoing requirements, and the Court articulated the reasons for allowing this narrow exemption.

We believe that when the legislature drafted Public Act 91-953, it intended to include language exempting prior convictions from the proof beyond a reasonable doubt requirement in section 5-8-2(a), just as it had done in sections 111-3(c-5), 5-5-3(d) and 5-5-4.  This determination is buttressed by a subsequent amendment to section 5-8-2 via Public Act 92-951 (Pub. Act 92-951, § 5 (eff. June 27, 2002)) which substituted the following language for the "proof beyond a reasonable doubt" language contained in its earlier version:

"were found to be present.  If the pre-trial and trial proceedings

were conducted in compliance with subsection (c-5) of Section

111-3 of the Code of Criminal Procedure of 1963, the judge [may

sentence an offender to the following]."

(730 ILCS 5/5-8-2 (West 2003)).  By expressly referring to section 111-3(c-5), which specifically excludes prior convictions from the scope of its rule, the legislature has evinced its clear intent that defendants may be sentenced to extended-term sentences based on judicial determinations of prior convictions.  See 
People v. Richardson
, 104 Ill. 2d 8 (1984) (court must consider the language of an amended statute in light of the need for amendment and the purpose it serves). We conclude that the intent of the legislature was that the exemption language found elsewhere in the Code be included in section 5-8-2(a).  In such a case, "'words may be modified, altered, or even supplied so as to obviate any repugnancy or inconsistency with the legislative intention.'"  
People v. Parker
, 123 Ill. 2d 204, 210-11 (1988), quoting 
People v. Bratcher
, 63 Ill. 2d 534, 543 (1976). 

 In 
Parker
, the supreme court concluded that the legislature intended the "sexual relations within families" statute to apply to stepparents even though it failed to include the word "stepparents" in the statute.  
Parker
, 123 Ill. 2d at 210.  The court held that the provision must be read to include "stepparents," otherwise legislative intent would have been defeated.  
Parker
, 123 Ill. 2d at 213-14.  

In 
People v. Tellez
, 295 Ill. App. 3d 639 (1998), the court construed the sentencing provision contained in a statute concerning the criminal neglect of the elderly or disabled.  Despite treating both offenses equally throughout the statute, the terminology of the sentencing provision that classified the offense as a Class 3 felony referred only to neglect of the elderly, and failed to mention the "disabled."  
Tellez
, 295 Ill. App. 3d at 642; 720 ILCS 5/12-21 (West 1996).  Examining the statute as a whole, the court in 
Tellez
 determined that the evil intended by the legislature to be remedied was the criminal neglect of both the elderly and the disabled, and that the absence of the words "or disabled" from the penalty section was the result of legislative oversight.  
Tellez
, 295 Ill. App. 3d at 643.  The court held that the penalty section "should be read as, 'Criminal neglect of an elderly or disabled person is a Class 3 felony.'" (Emphasis in original.) 
Tellez
, 295 Ill. App. 3d at 644.

And in 
People v. Smith
, 307 Ill. App. 3d 414, 420-21 (1999), the court concluded that the absence of the language "predatory criminal sexual assault of a child" from the sentencing provisions of the indecent solicitation statute was a simple legislative oversight, which could be judicially corrected.  See also 
People v. Shephard
, 152 Ill. 2d 489, 498 (1992);  
People v. Chandler
, 129 Ill. 2d 233, 253 (1989);  
Szpila v. Burke
, 279 Ill. App. 3d 964, 972 (1996);  
People v. Rose
, 268 Il. App. 3d 174, 178 (1994) (all cases in which Illinois courts have recognized their authority to insert into a statute language omitted through legislative oversight). 
   

Because in this case we find that the absence of an exemption for prior convictions in section 5-8-2(a) was a legislative oversight, we now hold that the version of section 5-8-2(a) under which defendant was sentenced should be read to include an exception for the fact of prior convictions from the requirement that section 5-5-3.2 factors in aggravation be proven beyond a reasonable doubt.

Defendant's second contention is that the extended-term sentencing provision found in section 5-5-3.2(b)(1) (730 ILCS 5/5-5-3.2 (West 2000)) is unconstitutional
 because it does not require that a prior conviction be pled in the charging instrument or proven at trial.  This, he asserts, violated his due process rights as set forth in 
Apprendi
.  

The State maintains, and we agree, that the 
Apprendi
 Court, through its reliance on its decision in 
Almendarez-Torres
 exempted prior convictions from the category of facts that must be charged in an indictment, submitted to a fact finder and proved beyond a reasonable doubt.  
Apprendi
, 530 U.S. at 474-76, 147 L. Ed. 2d at 447, 120 S. Ct. at 2354,  See 
People v. Lucas
, 321 Ill. App. 3d 49, 53 (2001) (recognizing that exemption).  Accordingly, we decline defendant's invitation to find section 5-5-3.2(b)(1) unconstitutional.

For the foregoing reasons, we affirm defendant's conviction and sentence.

Affirmed.

GORDON, P.J., and McNULTY, J. concur.