THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SHAKA ALI FIKARA, a/k/a Eddie Robinson, Defendant-Appellant.

Second District No. 2—02—0228

Opinion filed October 10, 2003.—Supplemental opinion filed on denial of rehearing December 23, 2003.

146

Shaka Ali Fikara, of Menard, appellant *pro se.*

Linda A. Giesen, State's Attorney, of Dixon (Martin P. Moltz, of State's Attorneys Appellate Prosecutor's Office, of counsel), and Mary Ellen Dienes, of Des Plaines, for the People.

PRESIDING JUSTICE HUTCHINSON delivered the opinion of the court:

Following a jury trial, defendant, Shaka Ali Fikara, a/k/a Eddie Robinson, was found guilty of two counts of aggravated criminal sexual assault (720 ILCS 5/12—14(b)(1) (West 1992)) and sentenced to consecutive extended terms of 40 years' imprisonment on each count. On direct appeal, this court affirmed defendant's convictions and sentence. See *People v. Fikara*, No. 2—95—1463 (1997) (unpublished order under Supreme Court Rule 23). On March 20, 1998, defendant filed a *pro se* petition seeking relief pursuant to the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122—1 *et seq.* (West 1998)). Defendant's postconviction petition survived the trial court's initial review, and the trial court appointed counsel to represent defendant. On October 12, 2000, defendant filed a supplemental petition arguing that his extended-term sentences violated the principles articulated in

*Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). On July 27, 2001, the trial court granted the State's motion to dismiss all issues raised in the postconviction petition with the exception of the *Apprendi* issue. The trial court found that defendant's *Apprendi* issue had merit, vacated defendant's sentence, and scheduled a new sentencing hearing. On October 25, 2001, after a new sentencing hearing, the trial court resentenced defendant to consecutive extended terms of 40 years' imprisonment on each count. Defendant then filed the instant appeal *pro se*, seeking review of the propriety of the sentencing order entered after the trial court granted the postconviction petition in part. The defendant also appeals the trial court's order disposing of his postconviction petition, arguing that the trial court erred in dismissing his non-*Apprendi* claims. We affirm.

This court's earlier order on the direct appeal adequately summarized the factual background of this case, and we will set forth only those facts relevant to the contentions raised in this appeal. At defendant's trial, the victim, an 11-year-old girl, testified that defendant had committed acts of a sexual nature against her on at least two different occasions. The victim's baby-sitter, Kerry Bibens, testified that, on June 15, 1992, she observed the victim, wearing only a T-shirt, lying on her back on her bed with her knees up and spread apart. Bibens also observed defendant standing next to the bed, facing the victim, with his pants down to his knees. The victim's sister, E.B., testified that, on another occasion, she witnessed defendant lying on top of the victim on a couch and that his "bottom" was moving. E.B. testified that neither defendant nor the victim was wearing pants. A jury convicted defendant of two counts of aggravated criminal sexual assault. 720 ILCS 5/12—14(b)(1) (West 1992).

In his postconviction petition, defendant alleged, *inter alia*, four different constitutional violations. First, defendant alleged that he was deprived of a fair trial when the trial court permitted the victim and E.B. to testify without first conducting a competency hearing. Defendant alleged that both the victim and E.B. suffered from mental impairments and were taking psychotropic medication at the time of their trial testimony. Second, defendant alleged that both his trial and appellate counsel were ineffective because they failed to raise the issue of the victim's and E.B.'s competency to testify. Third, defendant alleged that his trial counsel was ineffective for failing to introduce evidence that allegedly indicated that defendant did not suffer from the sexually transmitted disease known as chlamydia. Because the victim did suffer from chlamydia, defendant alleged that the evidence would have supported his claim of innocence. Fourth, defendant alleged that his right to a fair trial was violated when the State was

permitted to introduce evidence of other, uncharged acts of sexual contact between defendant and the victim. In his supplemental petition, defendant alleged that his extended-term sentences violated *Apprendi* because they were predicated upon the trial court's conclusion that defendant's conduct resulted in serious harm to the victim and that extended terms were necessary to protect the public and deter others from committing similar conduct. Defendant argued that, under *Apprendi*, this enhancing factor had to be proved to a jury beyond a reasonable doubt.

On July 27, 2001, the trial court entered a written order disposing entirely of defendant's postconviction petition. First, the trial court dismissed the four non-*Apprendi* allegations contained in defendant's petition. The trial court found that the mere ingestion of psychotropic medication, in and of itself, did not render a witness incompetent to testify. The trial court explained that the issue of the competency of a witness did not present the gist of a meritorious constitutional claim that could form the basis for postconviction relief. The trial court further found that trial and appellate counsel were not ineffective for failing to raise the competency issue because the report of proceedings from the victim's and E.B.'s testimony did not create a *bona fide* doubt as to their competency. Regarding the issues surrounding defendant's medical records and chlamydia, the trial court noted that this court had previously held on direct appeal that defendant had not proved that he was prejudiced by his trial counsel's failure to introduce evidence that defendant allegedly did not have chlamydia. See *Fikara*, slip op. at 19. Similarly, the trial court noted that this court had also found no abuse of discretion in the admission of the other-crimes evidence. *Fikara*, slip op. at 8.

As to the *Apprendi* issue raised in defendant's supplemental petition, the trial court found that defendant's extended-term sentence was predicated in part upon factors, besides his criminal history, that were not determined by a jury beyond a reasonable doubt. Therefore, the trial court ruled that fundamental fairness required that defendant's petition be granted in part and that his sentence should be vacated and "a new sentencing hearing held in accordance with the standards of *Apprendi* addressing only non-*Apprendi* factors." As noted above, following a new sentencing hearing, the trial court resentenced defendant to two consecutive, extended-term sentences of 40 years. The extended-term sentences were predicated upon defendant's prior Class X felony conviction for armed robbery in 1979. Following the denial of defendant's postsentencing motions, defendant filed a *pro se* notice of appeal challenging the trial court's new sentencing order and the trial court's previous order disposing of his postconviction petition.

On appeal, defendant contends that (1) the trial court erred in denying his request for a new trial on the basis of "newly discovered chlamydia" evidence that completely exonerates him of the charged offenses; (2) the trial court erred in its determination that trial counsel was not ineffective; (3) the trial court erred in resentencing him to an extended term without first granting a new trial as mandated by section 5—5—4 of the Unified Code of Corrections (the Code) (730 ILCS 5/5—5—4 (West 2002)); and (4) the provisions of the Code under which the trial court imposed consecutive sentences and extended terms (730 ILCS 5/5—5—3.2(b)(1), 5—8—4(a) (West 2000)) violate the state and federal constitutional guarantees against double jeopardy, *ex post facto* laws, and the separation of powers.

Prior to addressing the merits, we first consider the State's assertion that this court lacks jurisdiction to consider defendant's first two contentions. These two contentions address the propriety of the trial court's July 27, 2001, order dismissing all of the issues raised in defendant's postconviction petition with the exception of the *Apprendi* issue. The State argues that, had defendant wished to appeal this dismissal order, he was required by Supreme Court Rule 606(b) (188 Ill. 2d R. 606(b)) to file a notice of appeal within 30 days after entry of the July 27, 2001, order or within 30 days after entry of an order disposing of a timely filed motion directed against the judgment. Because defendant did not file his notice of appeal until February 27, 2002, which was the day the trial court entered its resentencing order, the State argues that this notice was not effective to preserve review of the July 27, 2001, order dismissing the non-*Apprendi* contentions in defendant's postconviction petition.

■ Section 122—7 of the Act provides that any "final judgment" entered upon a postconviction petition "shall be reviewed in a manner pursuant to the rules of the Supreme Court." 725 ILCS 5/122—7 (West 2000). Illinois courts have held that an order that disposes entirely of a postconviction petition is immediately appealable, even if the order does not ultimately dispose of the criminal proceedings against the defendant. See *People v. Scott*, 194 Ill. 2d 268, 278-79 (2000) (noting that trial court's disposition of the defendant's postconviction petition was immediately appealable even though trial court determined that the defendant should receive a new sentencing hearing); *People v. Joyce*, 1 Ill. 2d 225, 227 (1953) (holding that an order disposing of postconviction petition was immediately appealable by either the State or the defendant even though the trial court determined that the defendant should receive a new trial). Such an order, while not necessarily disposing of the criminal proceeding, nonetheless is a final disposition of the petition under the Act. *Joyce*, 1

Ill. 2d at 227. As correctly noted by the State, to preserve review of an order entirely disposing of a postconviction proceeding, Supreme Court Rules 651(d) and 606(b) require the party seeking review to file a notice of appeal within 30 days of the entry of the final order disposing of the petition or within 30 days of the entry of the order disposing of a timely filed motion attacking the judgment. 134 Ill. 2d R. 651(d); 188 Ill. 2d R. 606(b).

■ Here, the trial court's July 27, 2001, order disposed of defendant's postconviction petition entirely. After finding that defendant's extended-term sentences violated *Apprendi*, the trial court granted the postconviction petition in part, vacated defendant's sentence, and scheduled a new sentencing hearing. Pursuant to the State's motion, the trial court dismissed defendant's remaining allegations in the petition. The entry of this order resolved all issues raised in the postconviction petition and was a final disposition of the petition under the Act. As such, the order was immediately appealable, and Rule 606(b) required that a notice of appeal be filed within 30 days by any party seeking review of the order or within 30 days of the disposition of a timely filed motion attacking the judgment. See *Joyce*, 1 Ill. 2d at 227. Defendant failed to file either a notice of appeal or a motion directed against the order within 30 days of the entry of the July 27, 2001, order. As noted above, defendant did not file a notice of appeal until February 27, 2002, and his notice of appeal made no mention of the postconviction proceedings or the July 27, 2001, order. Defendant's failure to timely file a notice of appeal deprives this court of jurisdiction to consider those issues relating to the dismissed allegations of his postconviction petition. Additionally, we note that defendant did not seek leave to file a late notice of appeal or argue that his trial counsel's failure to file a timely notice of appeal constituted the ineffective assistance of counsel. See 188 Ill. 2d R. 606(c). Accordingly, we lack jurisdiction to consider the first two contentions raised by defendant on appeal.

Defendant's third contention on appeal is that, following the grant of postconviction relief, the trial court abused its discretion in resentencing him to an extended term without first granting him a new trial as mandated by section 5—5—4 of the Code (730 ILCS 5/5—5—4 (West 2002)). Defendant argues that section 5—5—4 required the trial court to grant him a new trial following the vacating of his sentence due to an *Apprendi* violation and upon the State's notice of its intent to again seek an extended-term sentence. Therefore, defendant requests that we vacate his sentence and remand the case for further proceedings in compliance with section 5—5—4 of the Code.

 █ In *Apprendi*, the United States Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63. In response to *Apprendi*, our legislature amended section 5—5—4 of the Code. See *People v. Askew*, 341 Ill. App. 3d 548, 578-79 (2003). That section provides, in relevant part, as follows:

> "If a sentence is vacated on appeal or on collateral attack due to the failure of the trier of fact at trial to determine beyond a reasonable doubt the existence of a fact (other than a prior conviction) necessary to increase the punishment for the offense beyond the statutory maximum otherwise applicable, either the defendant may be re-sentenced to a term within the range otherwise provided or, if the State files notice of its intention to again seek the extended sentence, the defendant shall be afforded a new trial." 730 ILCS 5/5—5—4 (West 2002).

As defendant correctly notes, the cardinal rule of statutory construction is to ascertain and give effect to the intent and meaning of the legislature. *People v. Patterson*, 308 Ill. App. 3d 943, 947 (1999). The language used in the statute is the primary source of legislative intent. *People v. Juris*, 189 Ill. App. 3d 934, 935 (1989). Where the statutory language is clear and unambiguous, the function of the court is to enforce the statute as enacted. *Patterson*, 308 Ill. App. 3d at 948. Any ambiguities in a penal statute, especially in the case of enhancement provisions, must be resolved in the defendant's favor. *Juris*, 189 Ill. App. 3d at 935.

We agree with defendant that the statutory language of section 5—5—4 unambiguously requires that a defendant be afforded a new trial in an instance where his sentence has been vacated on a collateral attack due to an *Apprendi* violation and where the State indicates its intent to again seek an extended-term sentence. 730 ILCS 5/5—5—4 (West 2002). Here, the trial court vacated defendant's sentence on collateral attack because the trial court had previously imposed an extended-term sentence predicated in part upon factors that were not found by a jury beyond a reasonable doubt. According to section 5—5—4 of the Code, defendant would therefore be entitled to a new trial in the event that the State filed a notice of its intent to again seek an extended-term sentence.

As noted above, the State did file a notice of its intent to again seek an extended-term sentence. However, the State's notice indicated that it would seek the imposition of an extended term only on the basis of defendant's past felony conviction, rather than the other

enhancing factors relied upon by the trial court in imposing the original extended-term sentence. Because the use of a defendant's past criminal history as an enhancing factor is a specific exception to the rule established in *Apprendi*, we believe that this case falls outside section 5—5—4's requirement that defendant be granted a new trial. *Apprendi* does not require that a defendant's past criminal history be found by a jury beyond a reasonable doubt before such history can be the basis for a sentencing enhancement. See *People v. Watson*, 322 Ill. App. 3d 164, 167-69 (2001). Therefore, no purpose would be served in conducting a new trial, and such an exercise is not constitutionally required. See *Watson*, 322 Ill. App. 3d at 168-69.

We therefore read section 5—5—4's requirement of a new trial to apply only in those instances where the State files a notice of its intent to seek an extended-term sentence based on enhancing factors other than a defendant's prior conviction. While we recognize that the plain language of the statute does not specifically exempt from its new trial requirement instances where the State intends to seek an extended term based solely on a defendant's prior conviction, we believe that this was nonetheless the legislature's intent based on a reading of the statute in its entirety. The initial portion of section 5—5—4's statutory language states that the statute applies to sentences that are vacated on collateral attack due to the failure of the jury "to determine beyond a reasonable doubt the existence of a fact (*other than a prior conviction*) necessary to increase the punishment for the offense beyond the statutory maximum." (Emphasis added.) 730 ILCS 5/5—5—4 (West 2002). Using such language, the legislature stated its intention that the statute apply only to those cases where the sentencing enhancement was based on a factor other than a prior conviction. Such language parallels the United States Supreme Court's language in *Apprendi*, which is quoted above. We therefore do not believe that the legislature intended to grant a defendant the right to a new trial in instances where the State seeks an extended-term sentence based solely upon a defendant's prior convictions. See *Askew*, 341 Ill. App. 3d at 580-81 (noting that the legislature's amendments to the Code following *Apprendi* were intended in part to codify *Apprendi*'s exemption of prior convictions from the category of facts that must be charged in an indictment, submitted to the jury, and proved beyond a reasonable doubt).

■ Statutes are to be construed as a whole and significance and effect should be given every paragraph, sentence, phrase, and word of a statute. *People v. Brown*, 157 Ill. App. 3d 61, 64 (1987). A statute should be construed so that no sentence, clause, or word is rendered superfluous or meaningless. *Brown*, 157 Ill. App. 3d at 64. Addition-

ally, although criminal statutes are to be construed in favor of the accused, such construction must not be so rigid as to defeat the intent of the legislature. *Askew*, 341 Ill. App. 3d at 580. After viewing the statutory language in its entirety, and giving consideration to the fact that the statutory language was adopted in response to *Apprendi*, we conclude that section 5—5—4 of the Code does not require the trial court to conduct a new trial in instances where the State intends to seek an extended-term sentence based solely on the existence of a defendant's prior conviction. This interpretation harmonizes with the constitutional principles articulated in *Apprendi* and the other Illinois authorities noted above. See *Askew*, 341 Ill. App. 3d at 580. We therefore hold that the trial court did not abuse its discretion or err as a matter of law when it resentenced defendant to an extended term based on his prior criminal convictions without first granting a new trial.

Defendant's final contention on appeal is that the consecutive sentence and extended-term provisions of the Code under which he was sentenced following the grant of postconviction relief (730 ILCS 5/5—5—3.2(b)(1), 5—8—4(a) (West 2000)) violate the constitutional guarantees against double jeopardy, *ex post facto* laws, and the separation of powers. Although defendant's contention is confusing and unfocused, he appears to argue that he cannot constitutionally be sentenced to consecutive extended terms of imprisonment based on his previous felony conviction. We find that each of the constitutional arguments raised by defendant in his final contention lacks merit. We will briefly address each of these points below.

■ Defendant first argues that the trial court's imposition of consecutive sentences under section 5—8—4(a) of the Code violated his due process rights under *Apprendi* as it permitted the trial court, rather than a jury, to determine the factors warranting the imposition of a consecutive sentence. This argument was rejected in *People v. Carney*, 196 Ill. 2d 518, 536 (2001), wherein our supreme court held that consecutive sentences imposed under section 5—8—4(a) do not violate due process and that *Apprendi* does not apply to the imposition of consecutive sentences.

■ Defendant next argues that the trial court erred in receiving evidence at the resentencing hearing beyond the evidence of his prior felony conviction. Defendant claims that, under *Apprendi*, the trial court could not consider any evidence aside from his prior conviction. However, defendant cites no authority in support of his proposition that *Apprendi* limits the type of evidence that may be introduced during a sentencing hearing. As the State notes, the ordinary rules of evidence that apply during the guilt phase of a trial are not applicable

during a sentencing hearing. *People v. Bilski*, 333 Ill. App. 3d 808, 818 (2002). Rather, the decision to admit particular types and sources of evidence during a sentencing hearing is within the discretion of the sentencing judge. *Bilski*, 333 Ill. App. 3d at 818. Here, although the trial court may have received evidence at sentencing relating to the commission of the crimes alleged to have been committed by defendant in this case, the record demonstrates that the trial court considered only the fact of defendant's prior felony conviction in making its decision to impose an extended-term sentence. Therefore, we find no violation of *Apprendi*.

■ Defendant also argues that his extended-term sentence violated the state and federal constitutional guarantees against double jeopardy and *ex post facto* laws. Defendant contends that his extended-term sentences imposed under section 5—5—3.2(b)(1) constitute additional punishment for his prior 1979 felony conviction, which sentence he has already served. Defendant's argument misses the mark. An *ex post facto* law is one that is retrospective, affects substantial rights, and disadvantages the defendant. *Miller v. Florida*, 482 U.S. 423, 430, 96 L. Ed. 2d 351, 360, 107 S. Ct. 2446, 2451 (1987). Defendant has not argued that the extended-term sentencing provisions of section 5—5—3.2(b)(1) were not in effect at the time of the crimes charged in this case. Therefore, defendant has not presented a true *ex post facto* argument, *i.e.*, that he was not resentenced according to the law in the effect at the time of the offense. See *People v. O'Quinn*, 339 Ill. App. 3d 347, 361-62 (2003). However, even if defendant had shown that a new sentencing law had been retroactively applied to his case, Illinois courts have previously held that legislative amendments to the provisions governing extended-term sentences merely affect a mode of procedure and do not violate constitutional *ex post facto* principles. See *O'Quinn*, 339 Ill. App. 3d at 362; *People v. McClain*, 343 Ill. App. 3d 1122 (2003).

■ Additionally, defendant has not presented a meritorious double jeopardy argument. That defendant has received an extended-term sentence in this case because of his prior conviction does not support defendant's assertion that he has been tried and sentenced a second time for his 1979 conviction. Rather, as noted by the State, defendant's sentences for his two aggravated criminal sexual assault convictions in this case were extended because he is a recidivist. The aim of recidivist statutes is to impose harsher sentences on offenders whose repeated convictions have shown their resistance to correction. *People v. Lemons*, 191 Ill. 2d 155, 160 (2000). Defendant has not provided a single authority holding that the State is constitutionally prohibited from considering a defendant's criminal history as a sentencing enhancement.

Rather, as noted above, the *Apprendi* Court recognized recidivism as an exception to the requirement that the State must establish beyond a reasonable doubt every fact used to increase a defendant's sentence beyond the maximum term. Here, defendant does not deny the existence of his prior felony conviction or that the prior conviction was entered in a fair proceeding in which he was afforded due process. For all of these reasons, we conclude that defendant's extended-term sentences did not violate his constitutional guarantee against double jeopardy.

■ Defendant next argues that "the sentencing scheme excluded the judiciary from the sentencing function and violate[d] the separation of powers." However, defendant fails to recognize that the legislature has the authority to set the nature and extent of criminal penalties, and the courts are without authority to interfere with such legislation unless the challenged penalty is clearly in excess of the broad and general constitutional limitations. *People v. Thomas*, 171 Ill. 2d 207, 221 (1996). Finally, defendant argues that the statutes under which he was sentenced did not require the State to provide notice in the charging instrument of the facts allegedly qualifying him for an enhanced sentence. As noted above, when the State intends to rely on a prior conviction in seeking the imposition of an extended-term sentence, the State is not obligated to allege the prior conviction in the charging instrument and prove the conviction to a jury beyond a reasonable doubt. See *Askew*, 341 Ill. App. 3d at 581. For all of these reasons, we reject defendant's broad constitutional challenges to sections 5—5—3.2(b)(1) and 5—8—4(a) of the Code.

For the foregoing reasons, we affirm the judgment of the circuit court of Lee County.

Affirmed.

GROMETER and KAPALA, JJ., concur.

Supplemental Opinion Upon Denial of Rehearing
PRESIDING JUSTICE HUTCHINSON delivered the opinion of the court:

In his petition for rehearing, defendant concedes that the trial court's July 27, 2001, order was final and immediately appealable. However, defendant asserts that the trial court failed to order the clerk of the circuit court to provide him with immediate notice of the July 27, 2001, adverse judgment as required by Supreme Court Rule 651(b) (134 Ill. 2d R. 651(b)). Defendant therefore contends that he was never admonished as to the necessity of filing a timely notice of

appeal from the July 27, 2001, order and that his failure to do so should be excused. Defendant requests that we address the merits of his first two contentions on appeal.

 Supreme Court Rule 651(b) requires that, upon the entry of a judgment adverse to a defendant in a postconviction proceeding, the clerk of the trial court "shall at once mail or deliver" to the defendant a notice advising him of the entry of the order and advising him of his right to appeal. 134 Ill. 2d R. 651(b). Rule 651(b) provides the form that the notice should take and requires that the defendant be advised of the steps necessary to preserve his right to appeal. 134 Ill. 2d R. 651(b). After a thorough review of the record, we agree with defendant that the clerk of the trial court failed to provide him with the required notice of adverse judgment. The record also reveals that the trial court failed to admonish defendant of the finality of the July 27, 2001, order and of the need to file a notice of appeal within 30 days to preserve his right to appeal.

 In instances where the requirements of Rule 651(b) have not been satisfied, the reviewing court must treat a defendant's untimely notice of appeal as a petition for leave to file a late notice of appeal within the contemplation of Supreme Court Rule 606(c) (188 Ill. 2d R. 606(c)). *People v. Allen*, 7 Ill. App. 3d 249, 251-52 (1972). The reviewing court must then grant the petition and consider the merits raised in the defendant's appeal. *Allen*, 7 Ill. App. 3d at 252. The reviewing court must allow the filing of a late notice of appeal even when the six-month period for seeking leave to file a late notice of appeal provided in Rule 606(c) has already expired. See *People v. Meeks*, 31 Ill. App. 3d 396, 400 (1975) (noting that a reviewing court has jurisdiction to entertain a late notice of appeal in instances where the defendant received notice of the adverse judgment after the six months provided by Rule 606(c)).

As a result of the trial court's failure to ensure compliance with Rule 651(b) in this case, we must treat defendant's untimely notice of appeal from the July 27, 2001, order as a petition to file a late notice of appeal and consider defendant's contentions of error relating to the dismissal of portions of his postconviction petition. See *Allen*, 7 Ill. App. 3d at 252. Although we acknowledge that defendant was represented by counsel and present in court at the time the trial court made its ruling disposing of the postconviction petition in its entirety, the trial court's failure to comply with Rule 651(b) meant that defendant never received the admonitions required by law, and fundamental fairness requires that we consider the contentions raised by defendant. See *People v. Foster*, 171 Ill. 2d 469, 473 (1996) (holding that reviewing court should entertain appeal where a trial court has

failed to admonish the defendant how to preserve his right to appeal, even in instances where the defendant was represented by counsel and counsel was aware of necessary steps to preserve appeal). We thus turn to a consideration of defendant's contentions of error relating to the trial court's dismissal of portions of his postconviction petition.

As detailed in our initial opinion, defendant contends that the trial court erred in dismissing that portion of his postconviction petition alleging the existence of "newly discovered chlamydia" evidence that purportedly exonerates him of the charged offenses. Defendant also contends that the trial court erred in dismissing that portion of his postconviction petition alleging that he was denied the effective assistance of trial counsel. We will consider each of these contentions in turn.

■ The Post-Conviction Hearing Act (the Act) (725 ILCS 5/122—1 *et seq.* (West 1998)) provides a mechanism by which defendants under criminal sentences in this state can assert that their convictions were the result of a substantial denial of their rights under the United States Constitution or the Illinois Constitution or both. *People v. Coleman*, 183 Ill. 2d 366, 378-79 (1998). A petition for postconviction relief is not an appeal of the underlying judgment; rather, it is a collateral proceeding. *People v. Johnson*, 206 Ill. 2d 348, 356 (2002). As such, a postconviction proceeding allows an inquiry only into constitutional issues that were not, and could not have been, adjudicated on direct appeal. *Johnson*, 206 Ill. 2d at 356. Issues that were raised and decided on direct appeal are barred from consideration by the doctrine of *res judicata*; issues that could have been raised, but were not, are considered waived. *Johnson*, 206 Ill. 2d at 356. The trial court may dismiss a postconviction petition without a full evidentiary hearing where the petition fails to sufficiently demonstrate a constitutional infirmity that would necessitate relief under the Act. *Coleman*, 183 Ill. 2d at 380. We review *de novo* the dismissal of a postconviction petition. *Coleman*, 183 Ill. 2d at 388-89.

■ We first consider defendant's assertion that he is entitled to a new trial because the medical evidence demonstrated that he did not have chlamydia. On direct appeal, defendant similarly argued that he could not be guilty of the charged sex offenses because the trial evidence established that the 11-year-old victim had tested positive for chlamydia and that he tested negative for the disease. We rejected this argument, explaining:

> "The defendant testified that he had been tested and found not to have any sexually transmitted diseases. However, there was also testimony that a specific test for chlamydia is required in order to detect it. During deliberations, the jury sent a note to the trial

court asking if there was any medical proof that the defendant did or did not have chlamydia. The defense counsel offered no objection to the trial court's response that the jury must determine if there was such medical proof. Clearly, it was a question for the jury to determine based upon the evidence before it." *People v. Fikara*, No. 2—95—1463, slip op. at 17 (unpublished order under Supreme Court Rule 23).

To the extent that defendant's allegations in his postconviction petition raise similar questions regarding the trial evidence, these allegations are barred under the doctrine of *res judicata*. *People v. Enis*, 194 Ill. 2d 361, 375 (2000).

■ In his brief, defendant asserts that his postconviction petition contained "newly discovered evidence" that exonerated him of the charged sex offenses. However, our review of defendant's petition and its attachments reveals no new medical evidence resolving the question of whether defendant suffered from chlamydia. Although defendant attaches the results from several blood tests taken during the years following his conviction, none of these results specifically reference a test for the presence of chlamydia or indicate whether defendant had the disease. Neither the contents of defendant's petition and affidavits nor his exhibits support his claim on appeal that he "tested negative for the disease showing that he never had it and couldn't possibly be the person who infected the victim." Accordingly, we hold that the trial court correctly dismissed these allegations of the postconviction petition because defendant failed to establish that his constitutional rights were violated.

■ Within defendant's discussion of the chlamydia evidence, he also asserts that the victim and her sister were incompetent to testify at trial due to their alleged use of psychotropic medications. We agree with the State that this argument could have been raised on direct appeal and that defendant's failure to do so waives the issue for purposes of this postconviction proceeding. *Johnson*, 206 Ill. 2d at 356. Accordingly, we decline defendant's request to consider the issue on appeal.

■ Defendant's second contention of error concerning the postconviction proceedings is that the trial court erred in dismissing that portion of the petition seeking a new trial on the basis of his allegations that his trial counsel was ineffective. Specifically, defendant argues that his trial counsel was ineffective because (1) counsel failed to establish that he never had chlamydia and therefore could not have transmitted the disease to the victim; (2) counsel failed to object to the State's conduct of carving multiple charges "out of a single offense"; (3) counsel failed to investigate the mental histories of the victim and her sister and to challenge their competence to testify; (4) counsel

failed to impeach the victim and her sister with prior inconsistent statements; and (5) counsel failed to object to the use of "tainted evidence." These issues were not raised on direct appeal, and defendant's failure to do so waives their consideration for purposes of this postconviction proceeding. See *Johnson*, 206 Ill. 2d at 356. However, defendant has also alleged that his appellate counsel was ineffective for failing to raise these issues on direct appeal. The waiver doctrine is inapplicable in instances where the alleged waiver of an issue stems from ineffective assistance of appellate counsel. *People v. Haynes*, 192 Ill. 2d 437, 476 (2000). We will therefore consider defendant's allegations in the context of ineffective assistance of appellate counsel.

■ To establish that appellate counsel was ineffective for failing to raise an issue on direct appeal, a defendant must show that (1) his appellate counsel's failure to raise the issue was objectively unreasonable, and (2) counsel's decision prejudiced the defendant. *People v. Easley*, 192 Ill. 2d 307, 328-29 (2000). The sixth amendment right to effective assistance of counsel does not mandate that appellate counsel raise every conceivable argument that could be made. *People v. Richardson*, 189 Ill. 2d 401, 412 (2000). Counsel's assessment of which issues to raise and argue will not be questioned unless it was patently wrong. *Richardson*, 189 Ill. 2d at 412. Therefore, unless the underlying issues are meritorious, a defendant has suffered no prejudice from counsel's failure to raise them on appeal. *Easley*, 192 Ill. 2d at 329.

■ Initially, we note that appellate counsel did argue on direct appeal that defendant was denied the effective assistance of trial counsel. See *Fikara*, slip op. at 18-22. Appellate counsel's argument consisted of 10 instances of trial counsel's alleged ineffectiveness, including trial counsel's failure to introduce medical records that purportedly established that defendant did not have chlamydia. In rejecting defendant's request for a new trial based upon trial counsel's alleged ineffectiveness, this court concluded that defendant could not establish that, but for his trial counsel's failures, the jury would have acquitted him of the charged offenses. We explained that the evidence presented in the case was not closely balanced and that our review of the record satisfied us "that defendant's conviction on the charges in this case was not the result of any failure on the part of *** defense counsel in his representation of the defendant." *Fikara*, slip op. at 21. With this background, we address the allegations of ineffective assistance of counsel contained in defendant's postconviction petition.

Defendant's first allegation of ineffectiveness is that trial counsel was ineffective for failing to establish that defendant did not have chlamydia. On direct appeal, we held that defendant was not denied

the effective assistance of trial counsel as a result of counsel's failure to introduce a medical report that indicated the results of a test for chlamydia. In so holding, we stated that, "even assuming that the document in question established that the defendant did not suffer from the disease, there was more than sufficient other evidence of the defendant's guilt in the case." *Fikara*, slip op. at 19. In light of our prior determination, we conclude that an appellate argument predicated upon trial counsel's ineffectiveness for failing to prove that defendant did not have chlamydia would be without merit.

Defendant's second allegation of ineffectiveness is that trial counsel failed to argue that the indictment carved multiple charges "out of a single offense." However, defendant did not make this allegation in his postconviction petition; therefore, we deem it waived. *People v. Rovito*, 327 Ill. App. 3d 164, 178-79 (2001). We thus decline to consider whether appellate counsel was ineffective for failing to raise this issue on direct appeal.

Defendant's third allegation of ineffectiveness is that trial counsel failed to challenge the competency of the victim and her sister based on their alleged use of psychotropic medication. As noted by the trial court, the ingestion of psychotropic medication does not give rise to a *bona fide* doubt as to a witness's competency. See *People v. Mitchell*, 189 Ill. 2d 312, 331 (2000). Defendant offers no evidence, other than his own assertions, that these witnesses were incompetent to testify. Our review of the record reveals no indication that these witnesses had mental conditions that affected their ability to perceive, record, recollect, or narrate. See *People v. Sykes*, 341 Ill. App. 3d 950, 973 (2003). Additionally, as noted by this court on direct appeal, the other evidence admitted at trial corroborated the testimony of these witnesses as to defendant's sexual abuse. *Fikara*, slip op. at 9-10. The children's baby-sitter testified that she observed defendant standing in front of the victim, who was naked, with his pants and underwear at his knees. The victim's mother and a police officer testified that the victim told them of the sexual acts defendant committed against her. Finally, medical testimony established that the victim had prior sexual contact. In light of this corroborative evidence, a challenge to the competency of the victim and her sister would not have resulted in defendant's acquittal on the charges. Therefore, we hold that appellate counsel was not ineffective for failing to raise this issue on direct appeal.

Defendant's final two allegations of ineffectiveness are that trial counsel failed to impeach the victim and her sister with their prior inconsistent statements or to object to the use of "tainted evidence." We conclude that these contentions have been waived on appeal as a

result of defendant's failure to support them with coherent argument and authority. See 177 Ill. 2d R. 341(e)(7). Defendant's arguments on appeal here consist of short conclusory statements, devoid of any reference to the record on appeal or explanation specifying the facts underlying the claims. This court is entitled to a well-reasoned argument, along with citation of relevant authority. *People v. Williams*, 267 Ill. App. 3d 82, 86 (1994). Defendant's failure to do so waives these issues on appeal.

For all of the foregoing reasons, we agree with the trial court that defendant's postconviction petition fails to establish that he was denied the effective assistance of appellate counsel. Accordingly, we hold that the trial court correctly determined that these allegations failed to sufficiently demonstrate a constitutional infirmity and properly dismissed these allegations of defendant's postconviction petition.

We affirm the judgment of the circuit court of Lee County disposing of defendant's postconviction petition. Defendant's petition for rehearing is denied.

Affirmed.

GROMETER and KAPALA, JJ., concur.